**Ex parte Jose Luis PENA, Applicant.**

**No. 69846.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 28, 1987.

Charles R. Borchers, Laredo, for applicant.

Robert Huttash, State's Atty., Austin, for State.

### OPINION

TEAGUE, Judge.

Jose Luis Pena, hereinafter applicant, through counsel, has filed an original application for the writ of habeas corpus with this Court challenging the validity of a condition of his probation that was imposed by the trial judge. The condition provides that applicant is "to serve not less than sixty (60) and not more than one hundred twenty (120) days in the Texas Department of Corrections." We ordered the application filed and set for submission in order to consider applicant's contention and also ordered that applicant be released from confinement on posting a $1,000 surety bail bond pending our decision.

We will grant applicant relief and order that the judgment of conviction be reformed to delete the above condition of probation.

The record reflects that a jury convicted applicant of committing the offense of murder and recommended that he be placed on probation for a period of five (5) years. The judge followed the recommendation and ordered applicant placed on probation for that period of time. The trial judge imposed certain conditions on appellant's probation, one of which ordered him to serve not less than sixty (60) and not more

than one hundred twenty (120) days in the Texas Department of Corrections. Applicant challenges the validity of this condition of probation on the ground that the trial judge was without lawful authority to impose such a condition. We find that we are in agreement with applicant.

The trial judge did not state in the judgment of conviction, in which she imposed the challenged condition of probation, her authority for doing so, nor does the record reflect why she imposed this condition. It appears to us, and we have not been directed to any other provision of our law that might be applicable, that Art. 42.12, § 3g(b), V.A.C.C.P., which provides, "If there is an affirmative finding that the defendant convicted of a felony of the second degree or higher used or exhibited a firearm during the commission of the offense and the defendant is granted probation, the court may order the defendant confined in the Texas Department of Corrections for not less than 60 and not more than 120 days", was the source of the challenged condition of probation.

█ That provision of our law makes it clear, however, that before it might be invoked and applied as a condition of probation there must be an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the offense for which he was convicted. In this instance, neither the jury nor the trial judge made an affirmative finding that the defendant either used or exhibited a firearm during the commission of the offense for which he was convicted, nor did the trial judge enter such a finding in the judgment of conviction. Thus, because no affirmative finding that applicant used or exhibited a deadly weapon during the commission of the offense for which he was convicted was ever made, the trial judge did not have authority under that provision of our law to impose the above condition of probation which required that applicant be incarcerated in the Department of Corrections.

█ Where a trial judge imposes an invalid condition of probation, the proper remedy is to reform the judgment of conviction by deleting the condition. See *Milligan v. State,* 465 S.W.2d 157 (Tex.Cr.App. 1971).

We will therefore order the judgment of the trial court reformed by deleting therefrom in its entirety the condition of probation that is numbered 14, that provides: "14. Defendant, Jose Luis Pena, is to serve not less than sixty (60) and not more than one hundred twenty (120) days in the Texas Department of Corrections."

The following is further Ordered: If the applicant is presently released on a surety bail bond, the bail bond is hereby ordered terminated and the applicant and the sureties are released from any further personal liability. If applicant is presently incarcerated in any penal institution of this State pursuant to the condition of probation that is numbered 14 in the judgment of conviction in that cause entitled The State of Texas vs. Jose Luis Pena and numbered 20,451, he is to be immediately released therefrom.

The Clerk of this Court shall cause a copy of this opinion to be delivered to the following persons: the applicant, the Director of the Department of Corrections, the Sheriff of Webb County, the District Attorney of Webb County, the duly elected judge of the 341st Judicial District Court of Webb County, and the Director of the Adult Probation Department of Webb County.