**Ernest ARMIJO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–88–0028–CR.**

Court of Appeals of Texas, Amarillo.

June 13, 1988.

David M. Green, Dumas, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Ernest Armijo brings this appeal from his conviction by a jury of the offense of delivery of lysergic acid diethylamide (LSD) of less than 28 grams and the resulting sentence of seven years confinement in the Texas Department of Corrections and a fine of $1,000, probated pursuant to the recommendation of the jury. In four points, appellant says the trial court erred in (1) requiring as a condition of probation, that appellant spend time in the Moore County Court Residential Work Release Center in excess of that permissible under Texas Code Criminal Procedure Annotated article 42.12, section 6(a)(12) (Vernon Supp.1988); (2) requiring, as a condition of probation, that appellant pay the expense of the investigation which led to his indictment and conviction; (3) receiving into evidence State's exhibits one, two and

three, because the State failed to show the trustworthiness or reliability of those documents; and (4) allowing a chemist to testify as to the results of an analysis of a chemical substance made by the chemist's assistant without proof as to the assistant's qualifications to perform that analysis. We overrule those points and affirm the judgment of conviction.

Since the last two points deal with evidence questions in the guilt-innocence phase of the trial, logical continuity requires that we discuss them first. The exhibits referred to in those points are the substance alleged to be LSD (exhibit one) and records of the Department of Public Safety concerning the analysis of that substance and the conclusion as to the amount of that substance and that the substance was indeed LSD (exhibits two and three).

■ The thrust of appellant's argument under his third point is that the State failed to show the trustworthiness or reliability of these exhibits because the chemist who actually performed the analysis did not testify, but the records and result of the analysis were received by virtue of the testimony of that individual's supervisor, Roy Murphy. The State contends that appellant's trial objections, *i.e.*, that the predicate of personal knowledge and chain of custody were not established, are not sufficient to preserve the asserted error for appellate review. However, viewed in the light of appellant's present argument, the objection was sufficient to preserve that particular question for our review.

Reiterated, Roy Murphy, the supervising chemist of the Department of Public Safety lab in Amarillo, Texas, was allowed to testify as to the content of a chemical analysis report made by James Stewart, at the time Murphy's assistant chemist at the laboratory. Texas Rule of Criminal Evidence 803(6) provides that among the items not excluded by the hearsay rule are:

(6) *Records of regularly conducted activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

Rule 803(6) is, in effect, codification of prior laws, such as former article 3737e of the Texas Revised Civil Statutes Annotated (Vernon Supp.1988), the "Business Records Act." The "Business Records Act" was applicable to, and utilized in criminal cases. *Coulter v. State*, 494 S.W.2d 876, 882 (Tex. Crim.App.1973).

Prior to September 1, 1986, the effective date of the Texas Rules of Criminal Evidence, it was well established that a toxicologist supervisor of a laboratory might testify from records of the laboratory as to the results thereof. *Brooks v. State*, 642 S.W.2d 791, 793 (Tex.Crim.App.1982); *Alvarez v. State*, 508 S.W.2d 100, 102 (Tex. Crim.App.1974); *Kent v. State*, 374 S.W.2d 671, 671 (Tex.Crim.App.1963). The Act was not to be mechanistically applied, but was to be liberally construed. *Coulter v. State*, 494 S.W.2d at 883. That teaching, however, was subject to the qualification that such evidence not be admitted if it does not have indicia of reliability sufficient to evidence its fundamental trustworthiness. *Id.*

■ We think the teaching of these cases is applicable and appropriate to our interpretation of Texas Rule of Criminal Evidence 803(6). The record shows that the tests made were the standard tests for this particular substance, made by a person who had personal knowledge of the tests and the results thereof. It also shows that the results of the tests were recorded on records kept in the usual course of the activities of the Department of Public Safe-

ty laboratory in Amarillo. The testimony of the supervising chemist also shows that the substance was received in a sealed bag and handled in accordance with the regularly established procedures of that lab. This is sufficient to show that the requirements of Rule 803(6) were complied with and adequate indicia of trustworthiness established. Appellant's third point is overruled.

■ In his fourth point, appellant challenges the admissibility of the results of Stewart's tests because "no testimony or proof was offered as to James Stewart's qualifications" to perform the tests. This objection was not made at trial. Since a point of error must comport to the objection made at trial, no error is shown. *Graham v. State*, 546 S.W.2d 605, 608 (Tex. Crim.App.1977). Appellant's fourth point is overruled.

In his first point, appellant opines that, by requiring appellant to spend twenty-four months in the Moore County Court Residential Work Release Center, the trial court exceeded the time allowable for such requirement and fell into error. In his second point, appellant argues that the trial court was not authorized to require as a condition of probation that he pay the expenses of the investigation which led to appellant's indictment and conviction. Appellant is correct in these contentions.

The authority of trial judges to suspend imposition or execution of sentences and place defendants on probation stems from Texas Constitution article 4, section 11A. That provision states:

> The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, *under such conditions as the Legislature may prescribe.* (emphasis added)

This article represents a limited grant of clemency to the courts by the people. *McNew v. State*, 608 S.W.2d 166, 170 (Tex. Crim.App.1978). Article 4, section 11A of the Constitution is not self-enacting and Texas Code Criminal Procedure Annotated article 42.12 (Vernon Supp.1988) is one of

the enabling acts. *Burson v. State*, 511 S.W.2d 948, 950 (Tex.Crim.App.1974). Article 42.12 is, of course, the statute under which appellant's probation was granted.

■ In granting probation, as a general rule, the court is not limited to, but is rather guided by, the terms and conditions of probation enumerated in article 42.12, section 6(a). That general authority is, however, limited by the requirement that the permissible conditions should have a reasonable relationship to the treatment of the accused and the protection of the public. *Macias v. State*, 649 S.W.2d 150, 152 (Tex.App.—El Paso 1983, no pet.). Moreover, since the court's authority to grant probation springs from the constitutional authorization and the legislature's enabling statute, conditions of probation may not contravene provisions of that enabling statute.

■ Specifically, the condition of probation challenged by appellant in this first point reads as follows:

> 21. After you have completed your jail term, you will be transferred directly to the Moore County Court Residential Work Release Center, and be subject to all rules and regulations therein; you will remain there for a period of 24 months unless modified by order of this Court.

The State argues that this condition is authorized by article 42.12(6)(a)(12), Texas Code Criminal Procedure Annotated (Vernon Supp.1988) which permits a court, as a condition of probation, to require that a defendant:

> (12) Remain under custodial supervision in a community-based facility, obey all rules and regulations of such facility, and pay a percentage of his income to the facility for room and board; ....

In support of its position, the State additionally relies upon the proposition set out in *Macias v. State*, 649 S.W.2d at 152, that the court is not limited to statutory conditions in granting probation, but has wide discretion in selecting reasonable conditions calculated to rehabilitate a defendant and protect the public.

However, article 42.12, section 6e(a), Texas Code Criminal Procedure Annotated (Vernon Supp.1988), as relevant, provides:

If a judge places a defendant on probation under any provision of this article as an alternative to imprisonment in the Texas Department of Corrections, the judge may require as a condition of probation, in addition to the conditions imposed under Section 6 of this article, that the defendant serve a term of not less than three months or more than 12 months in a community rehabilitation center....

Appellant argues that the 24–month period required by the court in its probation condition 21 is in excess of the period specified in article 42.12, section 6e(a), and is, therefore, not permissible.

Neither party has presented, and we have not found, any prior authority considering the question presented. However, it appears evident that both provisions are relevant to the conditions under scrutiny. Section 6(a)(12) allows, in general terms, the use of a community-based facility in probation conditions. While the term "community-based facility" is not defined in the Code of Criminal Procedure or in case law, *Patterson v. State*, 654 S.W.2d 825, 830 (Tex.App.—Dallas 1983, pet. ref'd), it seems clear that the terminology is sufficiently broad to include a facility such as the Moore County Court Residential Work Release Center. Section 6e more specifically articulates the operation, supervision and status reporting of a "community rehabilitation center," if the use of that type of facility is deemed appropriate by the trial court. While the term "community rehabilitation center" is also not defined by statute or case law, it also appears evident that a work release center such as the one involved here would be included within that terminology. By express provision of section 6e(a), the term of confinement in such a facility is governed by the requirement that it must be utilized "not less than three months or more than 12 months."

In the construction of a statute such as article 42.12, we are required to presume that the entire statute is intended to be effective, that a just and reasonable result is intended and, where a statute contains both a general and special provision, the statute is to be construed so that effect is given to both provisions, if possible. *Alfaro v. State*, 638 S.W.2d 891, 896–97 (Tex. Crim.App.1982). The interpretation which we have given the statute accomplishes those objectives.

Therefore, since the term for which appellant was directed to attend the Moore County Court Residential Work Release Center exceeds the maximum allowable under the statute, it follows that the trial court's probation condition is impermissible. Appellant's first point is sustained.

■ In his second point, appellant argues that he may not be required to pay the expense of the investigation which led to his indictment and conviction. Effective September 1, 1987, article 42.12, section 6, Texas Code Criminal Procedure Annotated (Vernon Supp.1988), was amended to add subsection (e). That subsection provides:

A court may not order a probationer to make any payments as a term and condition of probation, except for fines, court costs, restitution of the victim, and other terms and conditions expressly authorized by statute.

However desirable restitution of those amounts might be, investigative expenses incurred leading to indictment and conviction of a defendant are not among those items enumerated or authorized by the statute. That being the case, condition 22 of appellant's probation also contravened a direction of the statute and is, therefore, impermissible. Appellant's second point is sustained.

■ The imposition of an unauthorized condition of probation, which is not used as the basis of a subsequent revocation of probation, cannot be used to set aside an otherwise valid conviction. *Coleman v. State*, 640 S.W.2d 889, 892 (Tex.Crim.App. 1982). Moreover, the authority of a court on appeal to reform a judgment does not extend to the situation where the error involves punishment unauthorized by law. *Bogany v. State*, 661 S.W.2d 957 (Tex. Crim.App.1983). Therefore, the conviction

being valid, we affirm the judgment, except that portion setting the conditions of probation. We remand that portion of the judgment for proper assessment of the conditions of probation in accordance with Texas Code Criminal Procedure Annotated article 42.12 (Vernon Supp.1988). *McCullough v. State*, 720 S.W.2d 89, 90 (Tex.Crim.App. 1983).