Mark Todd SIMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–88–0308–CR.

Court of Appeals of Texas,
Amarillo.

May 31, 1989.

Jeff Blackburn, Kay Davis, Amarillo, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

In this appeal, appellant attacks the validity of probationary conditions imposed by the trial court after a jury verdict recommending his probation. It arises from appellant's plea of guilty to the offense of sexual assault. The punishment, by a jury, was set at five years confinement in the Department of Corrections and a fine of $5,000. The jury recommended that the confinement portion of the sentence be probated.

In seven points, appellant says the trial court erred in requiring as a condition of probation that he (1) serve thirty days in the Dallam County Jail; (2) serve ninety days in the Moore County Residential Work Release Center; (3) meet with an alcoholic evaluation counselor to determine whether he is in need of an alcoholic rehabilitation center; (4) pay for psychological counseling and all medical expenses for the victim; (5) not change marital status without written permission of the probation officer; (6) carry an identification card and show it to

any law enforcement officer who stopped him; and (7) maintain his hair in a neat and orderly manner, with any mustache or beard neatly trimmed. Appellant requests that the trial court judgment be reformed to delete these conditions. We reform the judgment as hereinafter provided and, as reformed, affirm it; the condition as to restitution is set aside and the cause remanded for proper assessment of that condition.

The authority of trial judges to suspend imposition or execution of sentences and place defendants on probation stems from Texas Constitution article IV, section 11A. That provision states:

> The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, *under such conditions as the Legislature may prescribe.* (emphasis added)

This article represents a limited grant of clemency to the courts by the people. *McNew v. State*, 608 S.W.2d 166, 170 (Tex. Crim.App. [Panel Op.] 1978). It is not self-enacting and Texas Code Criminal Procedure Annotated article 42.12 (Vernon Supp. 1989) is one of the enabling acts. *Burson v. State*, 511 S.W.2d 948, 950 (Tex.Crim. App.1974). Article 42.12 is, of course, the statute under which appellant's probation was granted.

■ Since 1981, even in a case such as this where the probation is the result of a jury recommendation, the trial court is not limited to, but is rather guided by, the terms and conditions of probation enumerated in article 42.12, section 6, Texas Code Criminal Procedure Annotated (Vernon Supp.1989). *Ellis v. State*, 723 S.W.2d 671, 672–73 (Tex.Crim.App.1986); *Armijo v. State*, 751 S.W.2d 950, 953 (Tex.App.— Amarillo 1988, no pet.). That general authority is, however, limited by the requirement that the permissible conditions should have a reasonable relationship to the treatment of the accused and the protection of the public. *Armijo v. State*, 751 S.W.2d at 953.

■ Moreover, because the court and the probationer have a contractual relationship, the violation of which could result in the loss of the probationer's freedom, the conditions of probation should be clear, explicit and unambiguous so that the probationer knows what is expected of him and the authorities may know with certainty the parameters of that probationer's prescribed and permitted activities. *Johnson v. State*, 672 S.W.2d 621, 623 (Tex.App.—Corpus Christi 1984, no pet.); *Franklin v. State*, 632 S.W.2d 839, 841 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

■ Indeed, due process requires that specificity and adequate notice of the terms of probation be contained in the court's written order granting probation. *Rains v. State*, 678 S.W.2d 308, 310 (Tex.App.—Fort Worth 1984, pet. ref'd). It is in the light of these explications that we examine the challenged conditions of probation.

■ Reiterated, the condition challenged by appellant's first point of error is condition nineteen which requires appellant to serve thirty days in the Dallam County Jail. In *Custard v. State*, 746 S.W.2d 4, 7 (Tex. App.—Dallas 1987, pet. ref'd), in a case wherein felony probation was granted pursuant to jury recommendation, that appellant mounted a like attack upon a condition of probation requiring Custard to spend a thirty day sentence in the Dallas County jail. The *Custard* Court held: "This statute clearly grants discretion in the trial court to determine whether or not to require a period of penal confinement." *Id.* By its refusal of a petition for discretionary review, the Court of Criminal Appeals approved that result. Accordingly, we adopt that holding and overrule appellant's first point.

■ In his second point, appellant challenges the condition of probation that appellant serve ninety days in the Moore County Residential Work Release Center after serving thirty days in the Dallam County Jail. In argument under this point, appellant first invites us to reexamine our holding in *Armijo v. State*, 751 S.W.2d at 950, that the Moore County Residential

Work Release Center is, within the purview of the statute (Texas Code Criminal Procedure Annotated article 42.12, section 6(a)(12) (Vernon Supp.1989)), a "community based facility" to which probationers may be referred. We decline that invitation and reiterate that the center in question is such a facility within the purview of the statute.

■ Pointing out our holding in *Armijo* that the Moore County Work Release Center would also be included within the statutory definition of a "community rehabilitation center," appellant additionally argues his placement in the center was improper because of the lack of a requisite jury finding. Supporting that premise, he points out that section 6e(a)(3) provides that a defendant may be required to serve a term in a "community rehabilitation center" if:

the trier of facts determines that the defendant did not cause the bodily injury, serious bodily injury, or death of another as a result of the commission of the offense or use a deadly weapon during the commission of or flight from the offense.

Tex.Code Crim.Proc.Ann. art. 42.12, section 6e(a)(3) (Vernon Supp.1989). Continuing, he says that since the jury as the trier of fact made no such finding and such a finding cannot be inferred from the instant indictment and the plea of guilty, the requirement contravenes the direction of the statute and is, therefore, improper. We disagree with this ingenious contention.

At the punishment hearing, the jury was charged that it might recommend probation. In that charge, the jury was told that the trial court in granting probation might require any reasonable term of probationary conditions including the requirement to remain under supervision in a community based facility. Appellant did not object to any failure to charge that the fingdings mentioned in section 6e(a)(3) must be made before supervision in a community based facility could be ordered. Absent objection on that basis, even if such a specific finding by the jury was required, a holding we do not make, no reversible error is shown.

*Smith v. State*, 513 S.W.2d 823, 828–29 (Tex.Crim.App.1974).

■ Continuing, appellant also contends that inasmuch as appellant was convicted in Dallam County and the center is located in Moore County, it could not be a "community" based center within the purview of the statute. Again, we disagree. Article 42.12, section 6e(a)(1), Texas Code Criminal Procedure Annotated (Vernon Supp.1989), provides that a community rehabilitation center may be utilized if the *district* is served by a community rehabilitation center. This court may judicially note that both Dallam and Moore Counties are located within the same judicial district. Tex.R. Crim.Evid. 201. That being the case, under the statute the use of the Moore County center for a Dallam County probationer is permissible. Appellant's second point is overruled.

■ In his third point, appellant argues that the trial court was without authority to require that appellant meet with an alcoholic evaluation counselor to determine if he was in need of an alcoholic rehabilitation center. A trial court's discretion in requiring conditions of probation is broad and, generally, only circumscribed by the requirement that the conditions not contravene direction of a statute and that they have a reasonable relationship to the treatment of the accused and the protection of the public. *Tamez v. State*, 534 S.W.2d 686, 691 (Tex.Crim.App.1976). Viewed in that light, we cannot say that this requirement is so unrelated to proper supervision of a probationer and the protection of the public as to exceed the parameters of the trial court's discretion. Appellant's third point is overruled.

In his fourth point, appellant challenges the condition of his probation that he "pay for psycological [sic] counseling and all medical expense for the victim T——— S———, for up to two years." Appellant says the condition is invalid because there is no fixed dollar amount, it is not limited to restitution owed as a direct result of the offense, the two year period is in excess of the statutory limit of one year on psychological counseling restitution, and, al-

though the statute does allow for future psychological restitution for a period of up to one year from the date of the order, there is no statutory provision for future medical expenses.

Article 42.12, section 6(a)(14), Texas Code Criminal Procedure Annotated (Vernon Supp.1989), provides that a probationer may be ordered to:

Pay a percentage of his income to the victim of the offense, if any, to compensate the victim for any property damage or medical expenses sustained by the victim as a direct result of the commission of the offense; ....

Section 6(f) allows a trial court, in a case such as this, to order probationers to:

[P]lay all or a part of the reasonable and necessary costs incurred by the victim for psychological counseling made necessary by the offense, upon a finding that the probationer is financially able to make payment. Any payments ordered under this subsection may not extend past one year from the date of the order.

■ The trial court's discretion to require a probationer to make restitution is a broad one. However, in *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App. [Panel Op.] 1980), the Court of Criminal Appeals pointed out that there are limits upon that discretion. The Court wrote: "Due process considerations ... require that there must be evidence in the record to show that the amount set by the court has a factual basis." *See also Thompson v. State*, 557 S.W.2d 521, 525–26 (Tex.Crim. App.1977); *Collins v. State*, 701 S.W.2d 275, 276–77 (Tex.App.—Dallas 1985, no pet.).

■ Since the burden is upon an appellant to see that a sufficient record showing error is before this Court, Texas Rule of Appellate Procedure 50(e), and no statement of facts is included in the record, we might presume that the trial court determined that psychological counseling was made necessary by the attack and that appellant was financially able to make payment of such counseling. However, that does not overcome the fact that the probation order does not specify any definite amount appellant must pay, nor does it define any mechanics by which such an amount may be determined to be paid by him for counseling made necessary by the attack. Furthermore, it does not specify the manner in which any such amount due would be paid, *i.e.*, installments, as the bills become due, or any other manner. All of these are matters which must be determined and supported by a factual basis. In sum, the requirement does not meet due process requirements. Moreover, the provision for payment of future medical expenses is uncertain in amount, is not limited to such expense sustained as a direct result of the offense and is for a period in excess of that permitted by the statute. Appellant's fourth point is sustained.

In his fifth, sixth and seventh points, appellant challenges the conditions of probation that he not change his marital status without written permission of the probation officer, that he carry an identification card and show it to any law enforcement officer having lawfully stopped him for questioning or other legal action, and that he maintain his hair in a neat and orderly manner, with any mustache or beard neatly trimmed. Since appellant briefs and argues these points together, we will consider them together.

■ It is axiomatic that a probationer is subject to limitations from which ordinary citizens are free. *Macias v. State*, 649 S.W.2d 150, 152 (Tex.App.—El Paso 1983, no pet.). However, even so, a probationer continues to enjoy a significant degree of privacy, *Tamez v. State*, 534 S.W.2d at 692, and any restriction upon a probationer's otherwise inviolable constitutional rights can be justified only to the extent actually necessitated by the legitimate demands of the probation process. *Macias v. State*, 649 S.W.2d at 152. Thus, proper probationary conditions are those that contribute significantly both to the rehabilitation of the convicted person and to the protection of society. *Tamez v. State*, 534 S.W.2d at 692. Thus, a condition which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself

criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality of the offender or does not serve the statutory ends of probation, is invalid.

Viewed in this light, we conclude that the conditions that appellant not change his marital status without permission of his probation officer and that he maintain his hair in a neat manner are not supportable. The requirement that appellant not change his marital status relates to conduct that is not of itself criminal, is closely and intimately connected with an individual's personal and private life, is not related to the crime for which appellant was convicted, and is not reasonably related to the future criminality of appellant. Moreover, and most seriously, it relegates to a non-judicial officer, without any judicial guidelines, the unrestricted right to make the decision about such an important and private right as an individual's marital status. That being the case, we cannot conclude that it is reasonably calculated to contribute significantly to the rehabilitation of appellant and to the protection of society in general. As such, it exceeds the limitation upon a judge's discretion in setting probation conditions articulated in such cases as *Tamez v. State*, 534 S.W.2d at 692.

Moreover, the condition that appellant maintain his hair in a "neat and orderly manner" is a condition that depends upon a subjective decision as to what is "neat and orderly." That subjective judgment is one which would vary from mind to mind and person to person. As such, it falls short of the requirement that probation conditions be clear, explicit and unambiguous so that the probationer and the authorities know exactly what is expected of him. Appellant's fifth and seventh points are sustained.

In his sixth point, appellant attacks the condition that he carry an identification card and show it to any law enforcement officer who might lawfully stop appellant. While the question is close, we conclude that the condition, when related to a lawful stop, is one which does not exceed the diminished expectation of privacy justifiably to be expected of a probationer being allowed to remain at conditional liberty after conviction of a crime. Appellant's sixth point is overruled.

In summary then, appellant's first, second, third and sixth points are overruled. Appellant's fourth, fifth and seventh points are sustained. Citing *Ex parte Pena*, 739 S.W.2d 50 (Tex.Crim.App.1987), appellant suggests that the trial court's judgment be reformed by deleting the conditions which we have found to be improper. The basis of the holding in *Pena* is that where a trial judge imposes an invalid condition of probation, the proper remedy is to reform the judgment of conviction by deleting the condition. *Id.* at 51. However, where the condition pertains to restitution, a lawful condition, but which is improperly expressed, the proper procedure is to remand the cause for a hearing to determine the proper amount of restitution to be ordered. *Cartwright v. State*, 605 S.W.2d at 289; *Thompson v. State*, 557 S.W.2d at 526.

Accordingly, the judgment of conviction is reformed to delete conditions 5(d) and 14 and, as reformed, is affirmed; the condition as to restitution is set aside and the cause is remanded for a hearing to determine the amount and procedure for payment of restitution in accordance with the terms of the statute. *Thompson v. State*, 557 S.W.2d at 526.