

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 11, 1997

The Honorable Tim Curry
Criminal District Attorney
Tarrant County
401 West Belknap Street, Justice Center
Fort Worth, Texas 76196-0201

Opinion No. DM-437

Re: Whether a district court is authorized to require a defendant to post a warning sign at his residence stating that he is a convicted sex offender as a condition of community supervision (RQ-908)

Dear Mr. Curry:

You ask whether a district court is authorized to require a convicted sex offender to post a sign at his residence as a condition of community supervision. Apparently, a district court in Tarrant County has required a convicted sex offender to post a twelve inch by twenty-four inch sign on his home stating in three inch letters that "A PERSON ON PROBATION FOR A CHILD SEX OFFENSE LIVES HERE." You ask whether the sign requirement is consistent with the court's statutory authority to impose conditions of community supervision and whether the sign requirement is constitutional. While we cannot determine whether a specific condition of community supervision is authorized or constitutional in a particular case, we can address your question in general terms.

Before we examine the relevant Texas statutory provisions, we believe it important to note that your questions raise issues of first impression in this state. We have found only one case in another jurisdiction addressing a similar situation. In *Tennessee v. Burdin*, 924 S.W.2d 82 (Tenn. 1996), the Supreme Court of Tennessee considered a challenge to a condition of probation that required a convicted sex offender to erect a sign in his front yard stating, "Warning, all children. [Defendant] is an admitted and convicted child molester. Parents beware." The defendant contended that the requirement was not authorized by Tennessee's sentencing laws and that it violated the Eighth Amendment to the United States Constitution as well as provisions of the Tennessee Constitution. The court did not reach the constitutional issues because it concluded that the condition was not authorized by statute. The court reasoned that the primary purpose of probation under Tennessee law was rehabilitation of the defendant and that a broadly written grant of authority to trial courts to fashion conditions of probation "cannot be read as granting unfettered authority to the courts to impose punishments which are beyond the bounds of traditional notions of rehabilitation." *Id.* at 86-87. The court continued:

> The consequences of imposing such a condition without the normal safeguards of legislative study and debate are uncertain. Posting the sign in the defendant's yard would dramatically affect persons other than the defendant and those charged with his supervision. In addition to being novel

and somewhat bizarre, compliance with the condition would have consequences in the community, perhaps beneficial, perhaps detrimental, but in any event unforeseen and unpredictable. Though innovative techniques of probation are encouraged to promote the rehabilitation of offenders and the prevention of recidivism, this legislative grant of authority may not be used to usurp the legislative role of defining the nature of punishment which may be imposed.

*Id.* at 87.

In Texas, article 42.12 of the Code of Criminal Procedure governs probation, now called "community supervision." Section 11 sets forth the basic conditions of community supervision. It provides in pertinent part as follows:

> The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions. *The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.* Conditions of community supervision may include, but shall not be limited to . . . .

Code Crim. Proc. art. 42.12, § 11(a) (emphasis added). The language emphasized above was added to section 11(a) in 1993, as was language replacing the term "probation" with the phrase "community supervision." *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3725. The change in the law was effective September 1, 1993, *id.* § 4.05, at 3743, and applies only to a defendant charged with or convicted of an offense committed on or after that date, *id.* § 4.02, at 3742. Because you have not given us information regarding the date of the underlying offense, we address the law both as it existed prior to the 1993 amendment and as it provides today.

It is clear from the final sentence of section 11(a), which was not significantly affected by the 1993 revision, that a trial court is not limited to imposing only the specific conditions delineated in the subsections that follow. Courts have concluded that this language gives trial courts broad discretion to determine conditions of community supervision. Courts have used the following criteria to determine whether a condition of community supervision is unreasonable and therefore invalid under article 42.12 as it existed prior to 1993:

(1) it has no relationship to the crime;

(2) it relates to conduct that is not in itself criminal; and

(3) it forbids or requires conduct that is not reasonably related to future criminality of [the] defendant or does not serve the statutory ends of probation.

*Todd v. State,* 911 S.W.2d 807, 817 (Tex. App.--El Paso 1995, no writ ); *see also LeBlanc v. State,* 908 S.W.2d 573, 574-75 (Tex. App.--Fort Worth 1995, no writ); *Simpson v. State,* 772 S.W.2d 276, 280 (Tex. App.--Amarillo 1989, no writ). A condition of community supervision is invalid under this test only if has all three of these characteristics. *Todd,* 911 S.W.2d at 817. Case law also indicates that conditions of probation that are unambiguous and that bear a reasonable relationship to the treatment of the probationer and the protection of the public will not be disturbed on review. *Id.; see also Tamez v. State,* 534 S.W.2d 686, 691 (Tex. Crim. App. 1976); *Simpson,* 772 S.W.2d at 280; *Macias v. State,* 649 S.W.2d 150, 152 (Tex. App.--El Paso 1983, no writ).

Whether a specific condition of community service complies with the foregoing criteria and therefore is authorized by article 42.12 will depend upon the facts of the particular case.[1] For this reason, this office is unable to definitively determine whether a particular condition of probation is valid. *See* Letter Opinion No. 93-95 (1995) (concluding that whether term of probation imposing hair and dress code complies with article 42.12 involves factual determinations and is therefore beyond purview of opinion process). As a general matter, we believe it is likely that a court would conclude in the case of a defendant convicted of a child-related sex offense that the sign requirement has a relationship to the crime, relates to conduct that is criminal, and requires conduct that is reasonably related to future criminality. Similarly, we believe it is also likely that a court would determine that requiring a convicted sex offender to post a warning sign on his premises is sufficiently clear, serves a rehabilitative purpose by deterring recidivism, and protects the community by warning parents and children.[2]

We believe that a Texas court might not have the same concerns about the sign requirement as the Supreme Court of Tennessee in *Tennessee v. Burdin* for two reasons. First, the Tennessee court was concerned that the sign requirement usurped the legislature's prerogative to fashion sentences. By contrast, the Texas statute appears to give the courts broad latitude in this area. As section 1 of article 42.12 states, "It is the purpose of this article to place wholly within the state courts the responsibility for determining . . . the conditions of community supervision . . . . It is the purpose of this article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of community supervision in the public interest." Code Crim. Proc. art. 42.12, § 1.

---

[1] A court's analysis of whether a particular condition of community supervision is reasonable is generally quite fact-intensive. *See, e.g., Todd,* 911 S.W.2d at 817-18 (concluding that condition of probation requiring defendant to write letters of apology was valid ); *Lacy v. State,* 875 S.W.2d 3 (Tex. App.--Tyler 1994, writ ref'd) (condition that defendant convicted of D.W.I. stay out of bars and similar places reasonable); *Simpson,* 772 S.W.2d at 281 (condition that probationer not change his marital status invalid); *Macias,* 649 S.W.2d at 152-53 (condition that probationer submit to weekly urinalysis test served rehabilitative purpose and protected society by acting as deterrent).

[2] You suggest that a court should take into consideration whether the sign requirement might cause the defendant to run afoul of subdivision restrictions regarding signs or lease conditions. We agree. Any legal consequences of the sign requirement for the defendant would certainly affect the reasonableness of the condition in any particular case. For this reason, we believe a court should also take into account any effect the sign requirement might have on the defendant's family members or others who live in the residence and should particularly consider whether the sign might reveal the identity of crime victims.

Second, there is some debate in the case law over whether requiring a probationer to post a sign regarding the criminal conduct serves a rehabilitative purpose or is primarily punitive. While this was clearly a concern of the court in *Tennessee v. Burdin*, Florida courts in driving under the influence cases have concluded that similar probation conditions[3] serve at least some rehabilitative purpose.[4] We also note that the post-1993 version of the Texas statute, article 42.12, may permit more punitive conditions than did the pre-1993 version, particularly the new language in section 11(a) that provides that a trial court may impose any reasonable condition of community supervision "that is designed to . . . punish . . . the defendant."[5] We have not been able to locate any case construing this new language and we cannot predict whether a court would construe it to affect the longstanding criteria used to determine whether a condition of community supervision is reasonable, but we believe it is possible that a court might conclude that this language permits more punitive conditions.[6] In sum, even if the sign requirement were held to be more punitive than rehabilitative, article 42.12 may now permit this, provided that the condition is not unconstitutional.

Although you ask whether the sign requirement is constitutional, you do not specify any particular concern. We believe the most obvious constitutional concern is whether the sign requirement violates the defendant's right to privacy or free expression. In a prior opinion, this office concluded that a condition of probation that restricts a fundamental right is valid if it (1) is primarily designed to meet the ends of rehabilitation and protection of the public and (2) is reasonably related to such ends. *See* Letter Opinion No. 93-95 (1995) at 3-4. For the reasons stated above with respect to our analysis of article 42.12, we believe it is likely that a court could conclude in a case involving a convicted sex offender that the sign requirement, even if it restricts a fundamental right, is designed to meet the ends of rehabilitation and protection of the public and is reasonably related to those ends.[7]

---

[3]*See Lindsay v. Florida*, 606 So.2d 652 (Fla. Dist. Ct. App. 1992) (concluding that condition of probation requiring defendant to place advertisement in newspaper consisting of his picture and statement that he had been convicted of D.U.I. served both rehabilitative and punitive purpose and was valid); *Goldschmitt v. Florida*, 490 So.2d 123 (Fla. Dist. Ct. App. 1986) (concluding that condition of probation requiring probationer to affix bumper sticker to his car indicating D.U.I. conviction served rehabilitative purpose).

[4]"Deciding that the primary purpose of probation is rehabilitation is not the same thing as making probation free from any punitive effect. Rehabilitation and punishment are not mutually exclusive ideas. They can co-exist in any single, particular consequence of a conviction without robbing one another of effect. In fact, it is difficult to imagine any condition of probation that does not have some punitive aspect to it." *Lindsay*, 606 So.2d at 656.

[5]Cases construing article 42.12 as it existed prior to 1993 emphasize the rehabilitative purpose of probation, as well as the goal of protecting the community. As one court stated, "Implicit in the purposes behind the imposition of the varied conditions of probation is the need to afford the trial court the necessary discretion to tailor such conditions in order to insure that the probationer fully understands the nature and consequences of his or her actions and thus aid in any rehabilitative effort." *Todd*, 911 S.W.2d at 817-18.

[6]*See Todd*, 911 S.W.2d at 18 n.4 (suggesting that while pre-1993 version of article 42.12 stressed rehabilitation as goal of probation, 1993 amendments may broaden purpose).

[7]*Cf. Lindsay*, 606 So.2d 652 (concluding that condition of probation that probationer place advertisement in newspaper consisting of his picture and statement that he had been convicted of D.U.I. did not violate his constitutional

(continued...)

Whether a condition satisfies these criteria in a particular case will depend upon the facts, *see id.* at 4, but we do not believe that a condition of community supervision requiring a convicted sex offender to post a warning sign at his residence is unconstitutional *per se.*[8]

## S U M M A R Y

A condition of community supervision is authorized by article 42.12 of the Code of Criminal Procedure if it is unambiguous and bears a reasonable relationship to the treatment of the probationer and the protection of the public. A condition is unreasonable only if it has no relationship to the crime, it relates to conduct that is not in itself criminal, and it forbids or requires conduct that is not reasonably related to future criminality of the defendant or does not serve the statutory ends of probation. A condition that restricts a fundamental right is valid and does not run afoul of constitutional guarantees if it (1) is primarily designed to meet the ends of rehabilitation and protection of the public and (2) is reasonably related to such ends. A condition of community supervision requiring a defendant to post a warning sign at his residence stating that he is a convicted sex offender is not *per se* unauthorized by article 42.12 or unconstitutional.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General

---

[7](...continued)
rights); *see also Goldschmitt,* 490 So.2d 123 (concluding that condition of probation requiring probationer to affix bumper sticker to his car indicating D.U.I. conviction did not violate his constitutional rights).

[8]There has been some suggestion that requiring a defendant to post a warning sign at his residence may affect the property values of adjoining landowners. We do not believe that this fact is relevant to determining whether a community supervision condition is statutorily authorized or impinges upon the defendant's constitutional rights. The question whether the adjoining landowners have legal redress for any diminution of their property values is beyond the scope of this opinion.