In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-419 CR


NO. 09-04-420 CR


NO. 09-04-421 CR


____________________



ROLAND TIMOTHY CARDENAS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 88714, 88715, 88807






MEMORANDUM OPINION


 Roland Cardenas pleaded guilty pursuant to a plea bargain in three separate causes. 
Cause number 88714 (No. 09-04-00419-CR on appeal) charged burglary of a habitation, and
cause numbers 88715 and 88807 (Nos. 09-04-00420-CR and 09-04-00421-CR, respectively,
on appeal) charged burglary of a building. As to the burglary of a habitation, the terms of
the plea agreement were: a fine in the amount of $500, confinement in the Texas Department
of Criminal Justice, Institutional Division, for a term of ten years, and concurrent sentencing
with cause numbers 88715 and 88807. The sentence was probated and Cardenas placed
under community supervision for ten years. Regarding the two cases of burglary of a
building, the terms of the plea agreements were: a fine in the amount of $500, confinement
in a state jail facility for a term of two years, and concurrent sentencing with the other two
causes. Both sentences were probated and Cardenas placed under community supervision
for five years. Subsequently, in each cause, the State filed a Motion to Revoke Community
Supervision. Cardenas pleaded true to failure to report and the trial court granted the State's
motion in all three causes. In cause 88714 Cardenas was sentenced to confinement in the
Texas Department of Criminal Justice, Institutional Division, for a term of ten years and
ordered to pay $30 restitution and $2,370 reparation. In causes 88715 and 88807 Cardenas
was sentenced to confinement in a state jail facility for a term of two years. Additionally,
in cause 88715 Cardenas was ordered to pay restitution in the amount of $1,000 and
reparation in the amount of $950. In cause 88807, Cardenas was ordered to pay $2,136.70
restitution and $950 reparation. All three sentences were ordered to run concurrently. 
Cardenas filed a notice of appeal from all three judgments. 

 A sole and identical issue is raised in each case. Cardenas contends the community
supervision order was vague and insufficient to apprise him of his reporting dates. This
allegation concerns appellant's conviction and punishment, not the revocation of his
community supervision. "Therefore, these matters should have been raised by timely appeal
after he was placed on community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12,
§23(b) [(Vernon Supp. 2005)]; Simpson v. State, 772 S.W.2d 276, 277-78 (Tex.
App.--Amarillo 1989, no pet.) (allowing appeal of community supervision conditions directly
after conditions were imposed)." Anthony v. State, 962 S.W.2d 242, 246 (Tex. App.--Fort
Worth 1998, no pet.). Cardenas' sole issue is overruled and the judgment of the trial court
is affirmed. 

 AFFIRMED.


 ________________________________

 CHARLES KREGER

 Justice


Submitted on May 26, 2005 

Opinion Delivered July 13, 2005 

Do not publish 


Before McKeithen, C.J., Gaultney, and Kreger, JJ.