# NO. 12-12-00365-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOMAS A. CORDERO,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tomas A. Cordero appeals from a judgment adjudicating guilt rendered after a hearing on the State's application to proceed to final adjudication. Appellant presents three issues. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

On July 10, 2008, a Smith County grand jury indicted Appellant for aggravated assault, alleged to have been committed on July 23, 2005. On September 30, 2009, Appellant pleaded guilty to the offense. Pursuant to a plea agreement, the trial court deferred an adjudication of guilt and placed Appellant on community supervision for five years. On September 4, 2012, the State filed a motion to adjudicate guilt alleging multiple violations by Appellant of the terms of his community supervision. On September 30, 2012, following a hearing, the trial court rendered an adjudication of guilt and assessed punishment at imprisonment for eighteen years.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Appellant contends he did not receive effective assistance of counsel in the original plea proceeding, because his trial counsel failed to raise the issue of limitations.

Except for error that would render the initial judgment void, issues relating to the original proceeding that resulted in deferred adjudication community supervision may be raised only in appeals at the end of that proceeding. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Those issues may not be raised in an appeal taken after community supervision is terminated, guilt adjudicated, and sentence imposed. *See Nix*, 65 S.W.3d at 667-68; *Manuel*, 994 S.W.2d at 661-62. Even if meritorious, a plea of ineffective assistance of counsel does not make a conviction void. *Nix*, 65 S.W.3d at 669 (citing *Custis v. United States*, 511 U.S. 485, 496, 114 S. Ct. 1732, 1738, 128 L. Ed. 2d 517 (1994)).

Appellant contends he was denied effective assistance of counsel prior to his plea of guilty and the trial court's order deferring adjudication. Appellant's complaint does not allege an error that would render that order void. An issue relating to the original proceeding, such as denial of effective assistance of counsel, can be raised only in an appeal from the order deferring adjudication. In this appeal, Appellant challenges the judgment adjudicating guilt and imposing sentence. Consequently, Appellant is barred from raising the issue of ineffective assistance of counsel that occurred at the original proceeding. *Manuel*, 994 S.W.2d at 662; *Webb v. State*, 20 S.W.3d 834, 536 (Tex. App.–Amarillo 2000, no pet.). Appellant's first issue is overruled.

## RESTITUTION

In his second issue, Appellant maintains the trial court abused its discretion in ordering payment of $586.20 in restitution to an entity not entitled to receive restitution.

**Standard of Review and Applicable Law**

An appellate court reviews restitution orders under an abuse of discretion standard. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). "An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations." *Id*.

The amount of restitution must be just, and due process requires that evidence in the record must show the amount has a factual basis. *Id*. The restitution ordered must be only for an offense for which the defendant is criminally responsible. *Id*. at 697. The restitution must be for the victim or victims of the offense charged. *Id*. And the trial court must specify the amount, manner, and timing of payments. *Simpson v. State*, 772 S.W.2d 276, 280 (Tex. App.–Amarillo

2

1989, no pet.).

If the offense results in personal injury to the victim, a sentencing court is authorized to order payment of restitution to the victim for expenses incurred by the victim as a result of the offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(2)(A) (West Supp. 2012). However, restitution can be ordered only for the offense charged and can be made only to the victim for the offense charged except where justice dictates that payment be made to a person or entity who has compensated the victim for the loss. *Id*. art. 42.037(f)(1) (West Supp. 2012); *Ceballos v. State*, 246 S.W.3d 369, 373 (Tex. App.–Austin 2008, pet. ref'd).

**Discussion**

On September 30, 2009, Appellant filed a request for a Pre-judgment/Sentence Investigation (PSI), which the trial court approved. On the same day, the trial court received Appellant's plea of guilty, deferred an adjudication of guilt, and placed Appellant on community supervision for five years. The order also required that restitution be paid to the victim in an amount to be determined. Also on the same day, Appellant waived his right to appeal.

On November 12, 2009, the trial court, based on an attached "Addendum to the Pre-Sentence Investigation Report," amended the conditions of community supervision to require Appellant to pay East Texas Medical Center (ETMC) $89,494.62 at the rate of $1,658.00 each month beginning on January 10, 2010. Appellant acknowledged receipt of a copy of the order amending the terms of his community supervision on January 15, 2010.

A copy of Appellant's PSI prepared before Appellant's original hearing on September 30, 2009, was filed in the trial court on February 7, 2013. This PSI includes the records from the victim's three day stay at ETMC in Tyler. However, the hospital records did not include the expenses the victim, Antonio Tucker, incurred as a result of the stab wound Appellant inflicted.

The addendum to the PSI, dated September 29, 2009, and the basis for the amount of restitution ordered on November 12, 2009, was also filed with the trial court on February 7, 2013. The addendum contains the affidavit of the hospital's agent that the losses incurred as a result of this offense amounted to $88,908.42, and stated that billing was attached. The addendum included another affidavit, dated September 24, 2009, stating that ETMC Emergency Services sustained losses of $586.20 on July 23, 2005, as a result of this offense. The two amounts combined equal the $89,494.62 restitution Appellant was ordered to pay by the

amended order of November 12, 2009.

The bill for ETMC emergency services on July 23, 2005, is clearly attributable to Appellant's offense. However, the billings attached to the ETMC affidavit add up to $68,446.75, not $88,908.42 as stated. Nor do the billings appear referable to Tucker's injuries caused by the offense.

Tucker stayed three days in ETMC following the offense on July 23, 2005. There is no ETMC billing for those dates. But the billings show that Tucker went to the emergency room on November 30, 2005, and remained in the hospital for three days ($23,761.00). He was admitted again on December 29, 2005 ($17,584.25), and was back in the emergency room on January 27, 2006 ($4,686.25). He was admitted again on April 28, 2008 ($9,619.25). On January 12, 2009, he was back in the emergency room ($6,326.00) and was there again on May 1, 2009 ($1,104.00).

According to the medical records from Tucker's hospitalization following the assault, he had an uncomplicated and successful recovery. The record also shows that his wife did not want him released to her home. She had ordered him out of the house because he smoked crack cocaine every day, and she did not want him around the children.

Although young and apparently free from chronic illness other than drug addiction, Tucker was admitted to the hospital six more times during the four intervening years between his hospital release after the assault and Appellant's original hearing on September 30, 2009. It seems probable that Tucker's six subsequent hospitalizations were related to his cocaine addiction and lifestyle and not to the assault.

The record does not indicate that Appellant or his attorney were present when the amount and recipient of restitution were specifically ordered on November 12, 2009. During the three years Appellant was on community supervision, Appellant paid approximately five thousand dollars in restitution.

Appellant insists the trial court erred in ordering payment of restitution to ETMC, an entity not a victim of the offense. However, the appropriateness of restitution and the sufficiency of the evidence supporting the amount ordered, like ineffective assistance of counsel, must be raised in an appeal following the original proceeding. *See Manuel*, 994 S.W.2d at 661-62. Even in a direct appeal from an order placing a defendant on community supervision, the failure to

4

raise in the trial court the issues of the appropriateness or amount of restitution waives error. ***Idowu v. State***, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002); ***Lemos v. State***, 27 S.W.3d 42, 47 (Tex. App.–San Antonio 2000, pet. ref'd). Therefore, Appellant's complaint is beyond our review. Appellant's second issue is overruled.

## COURT COSTS

In his third issue, Appellant claims there is legally insufficient evidence for the trial court's assessment of court costs.

### Standard of Review and Applicable Law

An appellate court measures the sufficiency of the evidence supporting the imposition of court costs by reviewing the record in the light most favorable to the trial court's order. ***Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

A judgment shall "adjudge the costs against the defendant, and order the collection thereof. . . ." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of the sentence. ***Weir v. State***, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Court costs do not alter the range of punishment to which the defendant is subject, or the number of years assessed, "and, thus, are not part of the sentence." ***Id***. A cost is not payable by the person charged with the cost until a written bill is produced or ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). The sufficiency of the evidence to support assessments of costs contained within judgments may be directly appealed without the necessity of having preserved the issue below. *See **Mayer***, 309 S.W.3d at 556. "If a criminal action . . . is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).

### Discussion

The judgment placing Appellant on community supervision included an assessment of $183.00 in court costs. The final judgment rendered upon the trial court's revocation of community supervision and adjudication of guilt includes court costs of $483.00. We ordered

5

that a supplemental clerk's record be filed containing a bill of costs or a certification that no bill of costs existed at the time of judgment. In response to our order, a bill of costs was filed showing court costs of $183.00. The State concedes that the bill of costs does not support the court costs of $483.00 imposed in the final judgment from which this appeal was taken, and that court costs were not properly assessed. Both Appellant and the State agree that there is nothing in the record to account for the $300.00 difference between the bill of costs and the costs included in the final judgment. We sustain Appellant's third issue.

## CONCLUSION

An appellate court has the authority to modify incorrect judgments when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Because we have held that the bill of costs does not support the amount of costs assessed by the trial court, we *modify* the judgment to show court costs conforming to the bill of costs of 183.00. In all other respects, the judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered July 31. 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2013**

**NO. 12-12-00365-CR**

**TOMAS A. CORDERO,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No.114-1103-08)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of this court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court below be **modified** to show court costs conforming to the bill of costs of $183.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J.*
*Twelfth Court of Appeals, sitting by assignment.*