judgment, sentence, and such other orders as may be of record pertaining to this cause, including any subsequent nunc pro tunc order which may have been entered, together with all docket entries relied upon as basis for such nunc pro tunc orders.

This requirement has been complied with, which shows that proper nunc pro tunc order has been entered, in accordance with the law, correcting the judgment which is now definite, assessing a term of five years. It may be observed that in sentencing the defendant it is provided that same should not run concurrent with any other sentences against him. We have frequently held such orders to be ineffective and appellant should be given the benefit of such holding, in determining his time, in the event other sentences prior to this one should be held against him.

Considering the record as it is now presented, appellant is remanded to the authorities of the penitentiary to serve his sentence.

## EX PARTE Z. T. KING.

No. 24944. November 1, 1950.

*Bracewell & Wright,* Huntsville, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Relator is a prisoner in the state penitentiary and addresses his original petition to this court seeking his discharge from the custody of the penitentiary officials.

The petition alleges that appellant was charged with murder in the district court of Sabine County; that he was tried by

a jury which returned a verdict on the 20th day of November, 1946, and assessed his punishment at twenty-five years in the penitentiary. It then recites that the judgment of the district court was entered that he "be confined to the penitentiary for a term of not less than two nor more than twenty-five years."

Certified copies of the proceedings have been obtained and are before us in considering this application. The original judgment contains the jury's verdict as follows: "We the jury find the defendant Z. T. King guilty as charged in the indictment and assess his punishment at twenty-five years confinement in the State Penitentiary. H. E. Reeves, Foreman."

The court has no authority to enter a judgment for any term other than that specified in the jury's verdict. In as much as it is contained in the judgment it makes the same definite, regardless of the further recitation that he is to serve "for a term of not less than 2 years nor more than 25 years." See Ex Parte Simmons, 154 Tex. Cr. R. 544, 229 S. W. 2d 167.

The relief prayed for is denied and appellant is remanded to the authorities of the state penitentiary to serve the term assessed against him.

EX PARTE WALTER LIVINGSTON.

No. 25104. November 1, 1950.

*Jones & Taylor*, Big Spring, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an appeal from an order of the judge of the county