LYNN STEPHENS V. STATE.

No. 25147. February 7, 1951.
Rehearing Denied April 11, 1951.

*Carlos C. Cadena,* Austin, for the appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of murder with malice and by the jury assessed a term of 38 years in the state penitentiary.

The record is before us without a statement of facts or bills of exception.

It does appear from the transcript that the judgment herein finds appellant guilty and assesses his punishment at not less than two years and not more than 38 years in the penitentiary. However, the verdict of the jury only provides for 38 years therein. This matter finds its counterpart in Ex parte Simmons, 154 Texas Crim. Rep. 544, 229 S. W. (2d) 167.

The judgment herein will therefore be reformed to evidence appellant's guilt as found by the jury and that he be punished as provided herein by confinement in the state penitentiary for a term of 38 years.

It is noted that the sentence conforms to the indeterminate sentence statute, Art. 775, Vernon's C.C.P.

The judgment herein is reformed to show a punishment of 38 years, and as thus reformed, it will be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that the record does not reflect the jurisdiction of the district court of Wilson

622

County, because there is nothing showing that the venue of the case had been transferred from Bexar County, where the offense was alleged to have been committed and the indictment returned.

Since the filing of such motion there has been filed in this court a supplemental transcript evidencing that the venue of the case was properly transferred from Bexar County to Wilson County.

The motion for hearing is overruled.

Opinion approved by the court.