Christopher Martin
**CUSTARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00242–CR.**

Court of Appeals of Texas,
Dallas.

Nov. 12, 1987.

Rehearing Denied March 7, 1988.

John R. Nelms, Dallas for appellant.

Kathleen A. Walsh, Dallas for appellee.

Before WHITHAM, THOMAS and McCRAW, JJ.

THOMAS, Justice.

Christopher Martin Custard was convicted by a jury of aggravated assault. Based upon the recommendation of the jury, the trial court assessed punishment at ten years confinement in the Texas Department of Corrections, probated for ten years, and a $5,000 fine. As a condition of probation, the trial court sentenced Custard to thirty days confinement in the Dallas County Jail. In two points of error, appellant contends that: (1) the evidence is insufficient to support the conviction; and (2) the trial court erred in adding the thirty-day jail sentence as a condition of probation. We disagree and consequently, affirm the trial court's judgment.

## SUFFICIENCY OF THE EVIDENCE

■ In Custard's first point of error, he alleges that the evidence is insufficient to prove that the serious bodily injury suffered by Clifford McCormick, the complainant, was caused by the beer mug thrown by Custard. The standard for appellate review of the sufficiency of the evidence in both direct and circumstantial evidence cases is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560 (1979); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983). The application of the standard in a circumstantial evidence case requires that the evidence exclude every reasonable hypothesis except the guilt of the accused. *Wilson v. State,* 654 S.W.2d at 467; *Carlsen v. State,* 654 S.W.2d 444, 448 (Tex.Crim.App.1983) (on rehearing). Utilizing this standard, we now review the evidence in this case.

McCormick arranged a Friday afternoon beer party at a Dallas pub for the people working on various construction crews for

Dallas Health Clubs. Custard was one of the persons attending this gathering. After approximately three hours of drinking "free" beer, an argument began between McCormick and Mike Dahl, one of Custard's friends. Without warning, a third party reached over McCormick and hit Dahl. At this point a fight ensued between the third party and Dahl, with McCormick sandwiched between them. McCormick at first appeared to attempt to break up the fight but then became an active participant, receiving a number of blows to his head and body. The fight quickly erupted into a brawl involving a number of people. As the brawl began to subside, McCormick was helped to the end of the bar where he sat on a stool. Custard approached McCormick and from a distance of several feet threw a beer mug in the direction of McCormick.

D. Goodwin, the owner of the pub, testified that he had helped McCormick to the end of the bar. According to Goodwin, McCormick appeared to be confused and groggy, although he was talking and functioning. As they started to clean up the debris, Goodwin observed Custard throw a beer mug that shattered upon impact when it hit McCormick's head. Goodwin further testified that he heard Custard say, "I'm going to kill you, mother fucker" as Custard approached McCormick. F. Starnes, a plumber attending the party, testified that he was talking to McCormick immediately prior to the fight. Following the fight, he observed McCormick sitting alone at the end of the bar in an apparent dazed state. While this witness did not see who threw the beer mug, he did see the mug hit the left side of McCormick's head, causing McCormick to immediately fall to the floor. L. Pritchett, the next witness, testified that she observed Custard throw the mug and saw it hit McCormick on the left side of his head. According to this witness, she observed McCormick bleeding from his left ear after the mug was thrown.

The last witness for the State was Dr. Charles Petty, Chief Medical Examiner of Dallas County. Dr. Petty testified that McCormick's death was due to injuries to the head. In describing the various internal injuries, Dr. Petty delineated those injuries on the right side of the head and those on the left. In response to questions, Dr. Petty explained that taking a beer mug and throwing it forcefully to the side of a person's head, is capable of causing death or serious bodily injury. He further stated that the injury on the left side of McCormick's head was perfectly consistent with being hit with a beer mug. During cross-examination, Dr. Petty stated that the injuries could have been caused by a beer mug, a foot depending upon how it was shod, a bar stool, or any one of a number of objects.

The first defense witness stated that after the fight had ended, he heard Custard say "Well let's get him" referring to McCormick. He observed Custard run toward the back of the bar in the direction of McCormick, although he did not observe the mug being thrown. Immediately upon Custard leaving the premises, this witness saw McCormick fall from the stool. Dahl testified for the defense and explained that during the altercation he was hit several times on top of the head with a beer mug by McCormick. While Dahl did not see Custard throw the mug, he did observe McCormick get hit with a mug on the left side of the head. Dahl's brother testified that he confronted McCormick at the bar and as they exchanged words, Custard threw a mug. This witness did not observe the mug actually strike McCormick. This witness further acknowledged that at the time of this incident McCormick was out of the fight and standing at the bar. Custard testified that as he was trying to break up the fight, he was knocked to the floor. As he got up, he observed McCormick standing at the end of the bar with a beer mug in his hand. He further stated that as he was getting up approximately 10 feet away from McCormick, he swept up a beer mug and threw it toward McCormick. Custard never saw the mug strike McCormick nor did he see it hit the floor since he was going out the door at the time.

It is Custard's contention that since the evidence established that McCormick was involved in the brawl and at least one wit-

ness indicated that McCormick was hit repeatedly in the head and back with a boot, the evidence supports an inference other than Custard's guilt. Custard further asserts that the testimony of the State's witnesses establishes that as a result of the fight McCormick was dazed and groggy before the mug was ever thrown. Custard also relies upon the testimony of Dr. Petty that if the beer mug did cause the injury to the left side of the head, it did not shatter as the State's witnesses testified. Finally, if the mug had shattered as the witnesses indicated, Dr. Petty expressed that he would have expected more serious injuries beneath the point of the skull fracture. Custard maintains that the State merely proved that his act *could* have caused the injury and that this is insufficient to support the verdict. We disagree.

The evidence established that complainant was hit on the left side of his head with a beer mug thrown by Custard. Custard admitted that he threw a beer mug at McCormick. Further, Dr. Petty testified that the injuries on the left side of the head did constitute serious bodily injuries and were perfectly consistent with being hit with the glass beer mug. The evidence does not support the theory that other possibilities caused the injuries. It was the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony, and it was their responsibility to resolve or reconcile conflicts in the testimony. *Banks v. State*, 510 S.W.2d 592, 595 (Tex.Crim.App.1974). It is irrelevant whether we as a court believe the evidence or believe that the defense evidence "outweighs" the State's evidence. If there is any evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Combs v. State*, 643 S.W.2d 709, 716 (Tex.Crim.App. 1982). We hold that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. Accordingly, the first point of error is overruled.

## IMPOSITION OF JAIL SENTENCE AS A CONDITION OF PROBATION

■ Custard's second ground of error complains of the action of the trial court that imposed a thirty-day sentence in the Dallas County Jail as a condition of probation. It is contended that once a jury recommends probation after a *felony* conviction, the court has no authority to require the probationer to serve a jail sentence as a condition of that probation.

Prior to September 1, 1981, Art. 42.12 § 3a provided in relevant part:

> If probation is granted by the jury the court may impose only those conditions which are set forth in Section 6 hereof.

TEX.CRIM.PROC.CODE ANN. art. 42.12 § 3a (Vernon 1979). The 67th Legislature amended Article 42.12 § 3a to provide as follows:

> Sec. 3a. (a) When there is a felony conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation for a period of any term of years authorized for the offense for which the defendant was convicted, but in no event for more than ten years, upon written sworn motion made therefor by the defendant, filed before the trial begins. When the jury recommends probation, it may also assess a fine applicable to the offense for which the defendant was convicted.... In all eligible cases, probation shall be granted by the court if the jury recommends it in their verdict, for the period recommended by the jury.
>
> ....
>
> Sec. 3a. (b) .... If probation is granted by the jury in a *misdemeanor* case, the court may impose only those conditions which are set out in Section 6, 6a, or 6b thereof. The court may impose any one or all of those conditions ...

TEX.CODE CRIM.PROC.ANN. (Vernon Supp.1987).[1] (Emphasis added). Custard

---

1. All subsequent statutory references are to the Texas Code of Criminal Procedure (Vernon Supp.1987).

argues that the change in the language and the amendment reflects the Legislature's intent to remove the court's authority to impose a jail sentence when probation has been recommended by a jury in a *felony* case. We hold this position to be without merit.

First, we consider the import of the change in the language and the amendment. We read article 42.12 § 3a(b) to be a *limitation* upon the trial court's discretion in imposing terms and conditions of probation in *misdemeanor* cases. We find no such limitation upon the trial court's discretion in a felony case. Thus, the trial court's authority to set conditions of probation in a felony case has been expanded, while such authority is limited in a misdemeanor case.

Second, we address the question of the court's authority to impose a jail sentence when probation has been recommended by a jury in a *felony* case. Imprisonment as a condition of probation as provided in Article 42.12, § 6b(a) may be imposed in a felony case after "probation" is granted as that term is defined in Article 42.12, § 2(b). *See Ex Parte Shillings*, 641 S.W.2d 538, 540 (Tex.Crim.App.1982).

It is clear that the court having jurisdiction of the case shall determine the terms and conditions of probation. *See* Art. 42.-12, § 6(a). In this case, the trial judge has assessed *as a condition of probation*, a period of detention under the authority of art. 42.12, § 6b(a). That provision provides:

> When the court having jurisdiction of the case grants probation to the defendant, in addition to the conditions imposed under Section 6 of this article, the court may require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of imprisonment not to exceed 30 days or one-third of the sentence whichever is lesser.

This statute clearly grants discretion in the trial court to determine whether or not to require a period of penal confinement. The

second point of error is overruled and the judgment of the trial court is affirmed.

McCRAW, J., dissents.

McCRAW, Justice, dissenting.

I concur with the majority's holding that the presented evidence is sufficient to sustain the verdict. However, I must dissent from the majority's holding that the trial court has discretionary authority to require a period of penal confinement as a condition of probation after a jury in a *felony* case has recommended unconditional probation.

The defendant's election of punishment is allowed pursuant to article 37.07 of the Code of Criminal Procedure:

> (b) [I]f a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that ... (2) ... where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment *shall* be assessed by the same jury....

TEX.CODE CRIM.PROC.ANN. art. 37.-07(2)(b) (Vernon Supp.1987) (emphasis added).[1] Custard timely requested that punishment be assessed by the jury. Section 37.07(2)(b)(2) is mandatory in stating that the jury *shall* determine punishment in such instances. There is long-standing precedent that "[t]he court has no authority to enter a judgment for any term other than that specified by the jury's verdict." *Ex parte King*, 155 Tex.Cr.R. 217, 233 S.W.2d 501 (1950). The court cannot substitute its own findings for those of the jury. *Gordon v. State*, 707 S.W.2d 626, 629 (Tex.Crim.App.1986).

Article 42.12, section 3a addresses the necessary requisites and limitations on the jury's right to grant probation. This code section is divided into two subsections separately treating felony and misdemeanor convictions.

> Sec. 3a.(a) When there is a *felony* conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may rec-

---

1. All subsequent statutory references are to the Texas Code of Criminal Procedure.

ommend probation.... In *all* eligible cases, probation *shall be granted* by the court, if the jury recommends it in their verdict, for the period recommended by the jury.

(Emphasis added). Section 3a(a) mandates limited trial court intervention, while in section 3a(b) the trial court has been granted article 42.12, section 6b detention discretion when there is a misdemeanor conviction:

Sec. 3a.(b) Where there is a *misdemeanor* conviction in any court of this state and the punishment assessed by the jury shall be by imprisonment in jail or by a fine or by both such fine and imprisonment, the jury may recommend probation....

If probation is granted by the jury in a misdemeanor case, the court *may* impose only those conditions which are set out in Section 6, 6a, or 6b hereof any one or all of those conditions....

(Emphasis added). Absent statutory authority, I would hold that the trial court does not have the discretionary power to impose additional penal conditions when a jury assesses probation in a *felony* conviction. Therefore, I would reform the trial court's judgment, deleting the thirty-day assessment of jail time and affirm the conviction and jury punishment.