**Terry Paul PAVLU, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–92–285 CR.

Court of Appeals of Texas, Beaumont.

Nov. 4, 1993.

Walter Boyd, Houston, for appellant.

Michael Little, Dist. Atty., Steve Greene, Asst. Dist. Atty., Liberty, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

This appeal arose from a conviction for the felony offense of attempted murder. The appellant pleaded not guilty in a juried proceeding. The jury found the appellant guilty. Appellant made an election to have the jury assess punishment. The jury made an affirmative finding that a deadly weapon was used in the commission of the offense and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for seven years and a fine of $10,000. Both the confinement and the fine were probated.

The trial judge imposed and ordered a 90 day jail term as one of the conditions of probation. The appellant gave timely notice of appeal; but the appellant did not provide a statement of facts. The appellant concedes that there is no statement of facts before us and the matter is appealed on the transcript.

### *Imposition of the 90 Day Jail Sentence as a Condition of Probation*

The appellant brings two points of error. The brief of the appellant concedes that the issue is a plain one. The issue, set out in the first point of error, is this: "Does a Trial Court have the authority to impose a jail term as a punishment as a condition of probation when the jury assesses an unconditional probation in a felony case?" The appellant then argues and urges · a negative answer to that question. As authority, *the appellant cites the dissenting opinion* in *Custard v. State,* 746 S.W.2d 4 (Tex.App.— Dallas 1987, pet. ref'd). The dissenting opinion was handed down by a member of the original panel. Appellant contends and forcefully argues that once *a jury recommends probation after a felony conviction,* the trial court is devoid of power to require the probationer to serve a jail sentence as a condition of probation. On oral submission appellant's counsel placed major reliance on the dissenting opinion of Justice McCraw. *See Custard v. State, supra,* at 7. We note that Justice Kinkeade replaced Justice McCraw on the panel and totally disavowed Justice McCraw's dissent. Justice Kinkeade

writes: "Had I been on the panel originally there would be no dissenting opinion." *Custard v. State,* 751 S.W.2d 543 (Tex.App.— Dallas 1988, n.w.h.). We conclude that the majority opinion of Justice Thomas is well reasoned and compellingly persuasive. We adhere to the same.

But query: does the so-called dissenting opinion of Justice McCraw possess any efficacy? Noteworthy and significant is the fact that Justice Kinkeade replaced Justice McCraw on the panel. The entire panel engaged in a Reconsideration on Petition for Discretionary Review. That was the last consideration and pronouncement on the case. Justice Kinkeade, in effect, emasculated and eliminated Justice McCraw's dissent. And Justices Whitham and Thomas gave their affirmative imprimatur to this action. *Custard v. State, supra,* 751 S.W.2d 543.

Nevertheless, the dissenter would follow the non-existent dissent. Furthermore, the dissent ignores TEX.R.APP.P. 101 which empowers the Court of Appeals which delivered the opinion, by a majority of the justices to summarily reconsider and correct or modify the opinion or judgment of that court. Also, the Court of Appeals may exercise this power within fifteen days after a petition for discretionary review to the Court of Criminal Appeals has been filed with the Clerk of the Court of Appeals. We conclude that the appellant's reliance on Justice McCraw's alleged dissent is not only misplaced but nonexistent. Justice McCraw's writing simply lacks a basis; so does the dissent to this opinion.

With admirable candor the appellant acknowledges that there are other Courts of Appeals whose decisions are contrary to the appellant's position and arguments. The appellant further argues that this issue will in all probability have to be resolved by the Texas Court of Criminal Appeals. ·

Appellant agrees that the controlling statute of the appeal before us is TEX.CODE CRIM.PROC.ANN. art. 42.12, § 12 (Vernon Supp.1993). The appellant recites with approval art. 42.12, § 12 thusly:

> When the court having jurisdiction of a misdemeanor case grants probation to the defendant, the court may require ... a

period of detention in a county jail.... In a felony case the court may require as a condition of probation that the defendant submit to a period of detention in a county jail to serve a term of imprisonment not to exceed 180 days. A court granting probation to a defendant convicted of an offense under Section 71.02, Penal Code, may require ... 180 days detention in the county jail....

The appellant maintains that the controlling statute refers to the court having granted the probation; and the appellant points out that the jury in this case was the institution which in common parlance had actually granted the probation period. Hence, appellant avers since the court did not grant the probation in this felony matter, the court is without authority or empowerment to assess a term of 90 days to be served as detention in a county jail and the trial court has no power to assess a 90 day jail term as a condition of probation. In summary, the appellant's argument and position is: "Only if the court assessed the probation should the Court have been permitted to assess a jail term." We disagree.

■ The State's position is, of course, contrary. The State advances that Tex.Code Crim.Proc.Ann. art. 42.12, § 3 specifically mandates that: "Any such person placed on probation, whether *in a trial by jury or before the court, shall be under the supervision of such court*" (emphasis added). Since the appellant is under the supervision of "such court", that court is authorized to require a 90 day detention. Tex.Code Crim. Proc.Ann. art. 42.12, § 10(a) provides, *inter alia:* "Only the court in which the defendant was tried may grant probation, impose conditions, ..." The State stresses Tex.Code Crim.Proc.Ann. art. 42.12, § 11(a). Section 11(a) provides that the court having jurisdiction in the case shall determine the terms and conditions of probation. Tex.Code Crim. Proc.Ann. art. 42.12, § 12 provides that in a felony case the court may require as a condition of probation that the defendant submit to a period of detention in the county jail to serve a term of imprisonment not to exceed however 180 days. The 90 day term was

lawful. Appellant's point of error number one is overruled.

### Is the Court of Appeals Required to Accept as True and Correct the Appellant's Narrative?

Appellant's point of error number two reads: "This Court of Appeals should accept the narrative statement of facts submitted by appellant." Under this second point of error, the appellant asked our Ninth Court of Appeals to reconsider our previous Per Curiam order dated February 11, 1993, in order that the appellant could raise his sufficiency of evidence point without any statement of facts. No indigency hearing was requested or held. Appellant makes no claim of indigency.

■ Nextly, the appellant petitions this Ninth Court of Appeals to overrule this point of error on the very merits of the issue raised therein, so that this appellant can obtain a ruling from the Court of Criminal Appeals on this very important issue. The appellant concludes his argument under this point as follows: "In other words, Appellant respectfully requests that this Court overrule this Point of Error by expressly stating in effect that Appellant has no right to submit a narrative statement of facts in view of the State's opposition." We fully oblige appellant. After hearing able oral submission from both parties, we accede to the appellant's request. The State has argued that the appellant has failed to cite any authority in support of his second point of error. We agree; the brief cites none. Appellant has presented nothing for review. Tex.R.App.P. 74(f).

We note, however, that the appellant would have been hard pressed to cite and argue authority because Tex.R.App.P. 53(i) expressly states:

A statement of facts prepared by the official reporter shall be in question and answer form. In lieu of requesting such a statement of facts, a party may prepare and file with the clerk of the trial court a condensed statement in narrative form of all or part of the testimony and deliver a true copy to the opposing party or his counsel, *and such opposing party, if dis-*

*satisfied with the narrative statement, may within ten days after such delivery, require the testimony in question and answer form to be substituted for all or part thereof.* (emphasis added)

The State has complied with this provision having timely filed an objection to the appellant's narrative statement of facts. The State has specifically pleaded that our Ninth Court of Appeals take judicial notice of this fact and of the above cited rules.

 The appellant has the imposed burden of bringing forward an entire record of the trial in order to correctly put before the appellate court a point of error attacking the sufficiency of the evidence. The appellant, for whatever reasons, has failed to discharge his burden. *O'Neal v. State*, 826 S.W.2d 172 (Tex.Crim.App.1992); *Greenwood v. State*, 823 S.W.2d 660 (Tex.Crim.App.1992). Appellant's motion to file a narrative of the facts was too late. Point of error number two is overruled. The judgment and sentence below are affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent to the majority's disposition of point of error one. I would follow Justice McCraw's dissent in *Custard v. State*, 746 S.W.2d 4, 7 (Tex.App.—Dallas 1987, pet. ref'd.).[1]

---

1. As usual, the majority writer misconstrues the point. I am not *relying* on Justice McCraw's dissent as a source of law. Justice McCraw's words exist despite the ravings of the majority writer. Rather than plagiarize Justice McCraw, I have simply chosen a short hand method of adopting his analysis and conclusions. Perhaps this has struck a nerve since the majority writer has devoted two paragraphs to a "non-existent dissent".