Michael Eugene **DELLINGER**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–93–095–CR.

Court of Appeals of Texas, Fort Worth.

March 16, 1994.

**50**

David K. Chapman, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chief Crim. Dist. Attys., David M. Curl, Asst. Crim. Dist. Atty., Fort Worth, for State.

Before WEAVER, HICKS and FARRAR, JJ.

OPINION

HICKS, Justice.

A jury convicted appellant for the offense of aggravated assault with a deadly weapon and assessed punishment at eight years confinement, probated for eight years. As a condition of probation, the trial court ordered that appellant serve 180 days in jail. In three points of error, appellant challenges the court's decision to make jail time a condition of probation. We affirm.

In point one, appellant argues that there was no statutory authorization for the court's order. Appellant asserts that article 42.12, section 12 of the code of criminal procedure authorizes jail time as a condition of probation only when the court grants probation, not when the jury grants probation. In his brief he states, "Section 12 allows for the imposition of such a condition only 'when *the court* having jurisdiction of ... a felony case' grants probation." [Emphasis in original.]

■ But when read in its entirety, the version of article 42.12, section 12 applicable to this case does not support appellant's argument. It provides as follows:

When the court having jurisdiction of a misdemeanor case grants probation to the defendant, the court may require as a condition of probation that the defendant submit to a period of detention in a county jail or community corrections facility to serve a term of imprisonment not to exceed 30 days and serve up to 100 hours of community service. In a felony case the court may require as a condition of probation that the defendant submit to a period of detention in a county jail to serve a term of imprisonment not to exceed 180 days.

Act of May 27, 1991, 72nd Leg., R.S., ch. 555, § 3, 1991 Tex.Gen.Laws 1969, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen.Laws 3716, 3727 (current version at TEX.CODE CRIM.PROC.ANN. art. 42.12, § 12 (Vernon Supp.1994). Nothing in section 12 limits its application to cases in which the court recommends probation. This court and other courts of appeals have decided similar cases adversely to appellant. *See Kadrmas v. State,* 696 S.W.2d 299, 301–02 (Tex.App.—Fort Worth 1985, no pet.); *see also Pavlu v. State,* 864 S.W.2d 220, 221–22 (Tex.App.—Beaumont 1993, no pet.); *State v. Garza,* 709 S.W.2d 18, 20 (Tex.App.—Corpus Christi 1986, no pet.).

■ It is true, as appellant points out, that only a jury can grant probation when there is a finding that a defendant used a deadly weapon during the commission of a felony offense. *See* TEX.CODE CRIM.PROC.ANN. art.

42.12, § 3g(a)(2) (Vernon Supp.1994). But this does not mean that the trial court, which has sole discretion to set the terms of probation, may not require jail time as a condition of jury-recommended probation. Point one is overruled.

In his second point of error, appellant asserts that the court abused its discretion by ordering him to spend 180 days in jail because the court's order was contrary to the intent of the jury. On the day the trial court set the conditions of appellant's probation, two jurors testified that it was the jury's intent that appellant not spend any time in jail. Another juror wrote a letter to the court stating the same, and two more swore to affidavits expressing the same intent.

As his only authority for this argument, appellant analogizes his case to cases in which the court sends the jury back for further deliberations even though it has reached an unambiguous verdict. *See, e.g.,* *White v. State,* 492 S.W.2d 281 (Tex.Crim. App.1973). He argues that in his case, as in those, it was improper for the court to disregard the intent of the jury. These cases are not applicable here.

■ As stated previously, the trial court has sole discretion to determine whether appellant should be confined as a condition of probation. The jury has no say in any of the conditions to be imposed, and appellant cites no authority to the contrary. The court's charge notified the jury that the court reserved the power to impose confinement as a condition of probation. We hold that the trial court did not abuse its discretion by ordering jail time as a condition of probation even though several jurors expressed their intent that appellant not spend any time in jail. Appellant's second point of error is overruled.

■ Appellant contends in point three that the court's decision to order jail time was against the great weight and preponderance of the evidence. He argues that punishment decisions in criminal cases should be subject to appellate review of whether they are against the great weight and preponderance of the evidence. But appellant does not cite any relevant authority in support of this argument. *See* TEX.R.APP.P. 74(f). He relies solely on civil cases holding that courts of appeals can review exemplary damages awards to determine if they are against the great weight and preponderance of the evidence. And appellant does not explain why the court's decision was against the great weight and preponderance of the evidence. We hold that the conditions of probation imposed by a court are not subject to this type of sufficiency analysis. Point three is overruled.

The judgment is affirmed.