TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING








NO. 03-00-00747-CR






Jeffrey Walter Stefanoff, Appellant




v.




The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 97-0418, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING






 Our opinion and judgment issued on January 10, 2002 are withdrawn, and the
following opinion is substituted.

 A jury convicted appellant Jeffrey Walter Stefanoff of possessing four ounces or more
but less than five pounds of marihuana. See Tex. Health & Safety Code Ann. § 481.121 (West Supp.
2002). The trial court sentenced him to one year's confinement, probated for two years, and imposed
a $2,500 fine, $1,500 being probated. As a condition of appellant's probation, the trial court ordered
him to enter the substance abuse felony punishment program and, prior to entry into such program,
required appellant to serve seven days in jail as a detoxification period. By six points of error,
appellant challenges his conviction and sentence. In one counterpoint, the State challenges the trial
court's submission of appellant's necessity defense to the jury. We affirm the trial court's judgment
and sentence as modified.


BACKGROUND FACTS

 While flying over appellant's property in a helicopter during a "domestic marijuana
eradication" operation, police discovered appellant growing marihuana. After obtaining and
executing a search warrant, police recovered fifteen marihuana plants belonging to appellant. A
search of his residence revealed no other drug paraphernalia or contraband. The marihuana
confiscated from appellant weighed 2.16 pounds.

 Appellant stipulated to committing the offense of possession of marihuana of four
ounces or more but less than five pounds. See Tex. Health & Safety Code Ann. § 481.121. Pursuant
to Penal Code section 9.22, appellant asserted the defense of necessity. See Tex. Pen. Code Ann.
§ 9.22 (West 1994). Appellant claimed that, as a result of his post-traumatic stress disorder, it was
necessary for him to possess and smoke marihuana to contain the adverse symptoms associated with
his disorder. The State objected to appellant's use of the necessity defense. The trial court, however,
overruled the State's objections and submitted the issue to the jury. The jury found appellant guilty. 
At appellant's election, the trial court assessed his punishment. Appellant appeals both his
conviction and sentence.


DISCUSSION

 By his first point of error, appellant challenges the factual sufficiency of the State's
evidence to overcome his necessity defense. The State responds by asserting one counterpoint of
error, contending that the trial court committed error by instructing the jury on appellant's necessity
defense. Before we pass upon the factual sufficiency of the State's evidence to rebut appellant's
necessity defense, we first determine whether appellant was entitled to a jury instruction on
necessity.

 A defendant is generally entitled to a jury instruction on every claimed defensive issue
so long as the evidence adduced at trial is sufficient to raise each element of the defense. See
Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); Hamel v. State, 916 S.W.2d 491, 493
(Tex. Crim. App. 1996). In determining whether evidence raises a defense, neither the credibility,
source, or strength of the evidence is material. Hamel, 916 S.W.2d at 493 (stating that "an accused
has the right to an instruction on any defensive issue raised by the evidence, whether that evidence
is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may
not think about the credibility of the defense"); Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim.
App. 1993) ("The evidence which raises the issue may be either strong, weak, contradicted,
unimpeached, or unbelievable."). If evidence is such that a rational juror could accept it as sufficient
to prove a defensive element, then it is said to "raise" that element. See 43 George E. Dix & Robert
O. Dawson, Texas Practice: Criminal Practice and Procedure § 36.47 (2d ed. 2001). The
defendant's testimony by itself is sufficient to raise a defensive issue requiring an instruction in the
jury charge, particularly when the defendant makes a proper and timely request for such a charge. 
Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). It is only when the evidence fails to
raise every element of a defensive issue that a trial court may refuse to grant an instruction requested
by the defendant. See Muniz, 851 S.W.2d at 254. On appeal, evidence in support of the defensive
issue is reviewed in the light most favorable to the defense. Shafer v. State, 919 S.W.2d 885, 886
(Tex. App.--Fort Worth 1996, pet. ref'd).

 Necessity is a statutory defense that exonerates a person's otherwise illegal conduct. 
See Tex. Pen. Code Ann. § 9.22. Conduct is justified by necessity if:


(1) the actor reasonably believes the conduct is immediately necessary to avoid
imminent harm;


(2) the desirability and urgency of avoiding the harm clearly outweigh, according
to ordinary standards of reasonableness, the harm sought to be prevented by the
law proscribing the conduct; and


(3) a legislative purpose to exclude the justification claimed for the conduct does
not otherwise plainly appear.



Id. The defendant has the initial burden of producing evidence regarding the necessity defense. Tex.
Pen. Code Ann. § 2.03(c) (1994). If the defendant adduces evidence, regardless of source and
strength, raising every element of the defense, then the burden shifts to the State to disprove the
defense beyond a reasonable doubt. Id. § 2.03(d); Thomas v. State, 678 S.W.2d 82, 84 (Tex. Crim.
App. 1984).

 The State contends that, because appellant failed to present any evidence regarding
his possession of marihuana on the day of the offense, appellant failed to meet his initial burden of
producing evidence to raise the "immediately necessary to avoid imminent harm" element. See Tex.
Pen. Code Ann. § 9.22(1). Appellant argues that his testimony and that of his treating psychiatrist,
Dr. Joel Hochman, (1) regarding appellant's medical need to use marihuana to control rage, depression,
anxiety, and nervousness associated with appellant's post-traumatic stress disorder, (2) satisfy the
imminent harm requirement of section 9.22. (3)

 Section 9.22(1) requires the defendant to first bring forth evidence of a specific
imminent harm. Id.; Johnson v. State, 650 S.W.2d 414, 416 (Tex. Crim. App. 1983). "Harm" means
anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in
whose welfare the person affected is interested. Tex. Pen. Code Ann. § 1.07(a)(25). "Imminent"
means something that is immediate, something that is going to happen now. See Smith v. State, 874
S.W.2d 269, 272-73 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). Reading these definitions
together, imminent harm contemplates a reaction to a circumstance that must be the result of a "split-second decision [made] without time to consider the law." Id. at 273.

 Appellant asserts his evidence establishes "that [post-traumatic stress disorder] has
a variety of symptoms, some sudden and severe, so that possession of marijuana at all times could
be necessary to avoid them." (Emphasis added.) But more than a generalized fear of harm is
required to raise the issue of imminent harm. Brazelton v. State, 947 S.W.2d 644, 648 (Tex.
App.--Fort Worth 1997, no pet.). The bulk of appellant's evidence concerns testimony relating to
appellant's diagnosis and treatment after he was charged with marihuana possession. The only
testimony concerning the events leading up to appellant's indictment came from appellant. And
while we recognize that a defendant's testimony alone may be sufficient to support a necessity
defense, see Hayes, 728 S.W.2d at 807, it must actually raise the defensive issue before an
instruction is proper, see Granger, 3 S.W.3d at 38. Appellant testified as follows regarding
imminent harm: (i) he threw a cup of hot coffee on his college professor; (ii) he became angry at his
son and feared hitting him; and (iii) he had a general belief that it was necessary for him to smoke
marihuana to control his post-traumatic stress disorder symptoms, including suicidal thoughts,
flashback, depression, rage, and nightmares. We do not discount appellant's illness; we find,
however, that none of his testimony produces evidence of any conduct that would lead a reasonable
person to believe a specific harm was imminent.

 Even if appellant properly raised the element of imminent harm, we find the State
refuted the immediate necessity element beyond a reasonable doubt. After adducing evidence of
imminent harm, a defendant must next establish facts indicating a reasonable belief that the criminal
conduct was immediately necessary to avoid the imminent harm. Tex. Pen. Code Ann. § 9.22(1). 
"Reasonable belief" means a belief that would be held by an ordinary and prudent person in the same
circumstances as the defendant. Id. § 1.07(a)(45). Reasonableness is determined from the
defendant's viewpoint at the time of the conduct. See Fitzgerald v. State, 782 S.W.2d 876, 885 (Tex.
Crim. App. 1990). According to the uncontested testimony, smoking marihuana was appellant's
preferred coping mechanism. However, appellant himself testified that during a five-month period
when he did not smoke marihuana, he was able to avoid causing serious injury to himself and others. 
While we do not doubt that appellant's post-traumatic stress disorder may have made this task
difficult, the imminent harm component contemplates more than this; it necessitates an immediate,
non-deliberative action made without hesitation or thought of the legal consequence. See Smith, 874
S.W.2d at 272-73. Appellant's marihuana possession resulted from a considered decision to
cultivate fifteen marihuana plants. Appellant's "medicinal" use of marihuana to manage his post-traumatic stress disorder symptoms is not the type of imminent harm to which the necessity defense
applies. Accordingly, the district court erred by instructing the jury on the defense of necessity. 
Appellant's first point of error is overruled and the State's counterpoint of error is sustained.

 Appellant's second point of error challenges the trial judge's ruling denying his
requested instruction that "[t]he jury shall have the right to determine the law and the facts under
direction of this Court." Although jury nullification is a recognized part of our judicial system, there
is no constitutional requirement that a trial judge instruct the jury on nullification. Mouton v. State,
923 S.W.2d 219, 221-22 (Tex. App.--Houston [14th Dist.] 1996, no pet.). Texas law on jury
nullification instructions is limited and generally applies to the sentencing phase of capital
punishment cases. See Clay S. Conrad, Jury Nullification as a Defense Strategy, 2 Tex. Forum Civ.
Lib & Civ. R. 1, 19 (1995). In other contexts, federal courts faced with requests for jury nullification
instructions have consistently held there is no constitutional right to such an instruction. See, e.g.,
Crease v. McKune, 189 F.3d 1188, 1194 (10th Cir. 1999) (holding defendant not entitled to jury
nullification instruction where ex parte communication had occurred between the judge and a juror);
United States v. Funches, 135 F.3d 1405,1409 (11th Cir. 1998) (holding, in a case for wrongful
possession of a firearm, "[b]ecause the jury enjoys no right to nullify criminal laws, and the
defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury,
the potential for nullification is no basis for admitting otherwise irrelevant evidence"); United States
v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1992) (rejecting defendant's entitlement to jury nullification
instructions in case involving wilful failure to file income tax returns).

 Appellant cites the Texas Constitution for the proposition that a right to jury
nullification does exist. See Tex. Const. art. I, § 8. Specifically, he relies on the last clause of the
last sentence, stating, "And in all indictments for libels, the jury shall have the right to determine the
law and the facts, under the direction of the court, as in other cases." Id. (emphasis added). We
reject appellant's argument that this supports a constitutional right to a nullification instruction. 
Appellant takes this statement out of context. (4) Finding no plausible support for appellant's
contention, we follow the line of federal cases rejecting a defendant's constitutional right to a jury
nullification instruction. We agree with our sister court that, "while jury nullification may exist as
a part of our justice system, it is not a legal standard and is not a constitutional right of the defendant. 
The court's duty is to instruct the jury on the law, and the trial court in the instant case complied with
that duty." Mouton, 923 S.W.2d at 222. Point of error number two is overruled.

 By appellant's third point of error, he argues that the trial court erred in admitting
evidence relating to the amount and value of the marihuana discovered and that the admission of
such evidence prejudiced his medical necessity defense. Appellant urges this Court to consider that,
because he stipulated to the amount of marihuana found, no further evidence concerning the quantity
of marihuana was necessary. We review the erroneous admission of evidence using an abuse of
discretion standard. See Wyatt v. State, 23 S.W.3d 18, 29 (Tex. Crim. App. 2000). If overwhelming
evidence dissipates the error so that it did not contribute to the verdict, the reviewing court should
consider the error harmless. See id.

 The State presented testimony comparing the quantity of marihuana appellant used
daily with the amount of marihuana his plants could produce. A narcotics officer also testified to
the monetary street value of the marihuana in appellant's possession, concluding that the number of
plants found in appellant's possession was inconsistent with personal use. Appellant objected to this
testimony, asserting that, absent distribution charges and the State's failure to provide notice of
possible prior bad acts testimony, the testimony was inadmissible under rule 404(b). See Tex. R.
Evid. 404(b). The State responded that because appellant failed to request notice of the State's intent
to use this evidence, he waived any rule 404(b) objection and that, in any event, its use of evidence
regarding the amount of marihuana found was proper to rebut appellant's medical necessity defense. (5) 
The trial court overruled appellant's objections regarding the admissibility of this evidence. 
However, the court sustained appellant's objections to the State's attempt to elicit testimony that
appellant's arrest interrupted his commercial operation.

 A reviewing court must ascertain the probable effect admitting evidence has on the
jury's verdict and should not overturn a criminal conviction if, after examining the record as whole,
the court "has fair assurance that the error did not influence the jury, or had but a slight effect." 
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Here, the State claims that
introducing evidence establishing the quantity of marihuana found on appellant's property was
proper to rebut appellant's position that he grew marihuana only for his own medicinal use. Viewed
as rebuttal evidence to appellant's medical necessity defense, the evidence satisfies the requirements
of rule 404(b). See Montgomery v. State, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1990) (holding
evidence is admissible to rebut defensive theory). Because the jury heard sufficient testimony to
convict appellant without the evidence appellant claims was erroneously admitted, we cannot say
that such testimony had more than a slight, if any, influence on the jury's findings or that such
evidence warrants reversal. Point of error three is overruled.

 In his fourth and fifth points of error, appellant challenges his probation conditions. 
By point of error four, appellant argues that by ordering him into the substance abuse felony
punishment program, the trial court failed to consider appellant's medical diagnosis and his
prescription use of marinol. We employ an abuse of discretion standard in examining conditions of
probation. Dellinger v. State, 872 S.W.2d 49, 51 (Tex. App.--Fort Worth 1994, pet. ref'd). The
trial court has broad discretion in setting probation conditions reasonably related to the treatment of
the accused and the protection of the public. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West
Supp. 2002) ("The judge may impose any reasonable condition that is designed to protect or restore
the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant."); 
Hernandez v. State, 556 S.W.2d 337, 342-43 (Tex. Crim. App. 1977). For a probation condition to
be invalid, the condition must: (1) have no relationship to the crime; (2) be related to conduct that
is not in itself criminal; and (3) forbid or require conduct that is not reasonably related to the future
criminality of the defendant or does not serve the statutory ends of probation. McArthur v. State, 1
S.W.3d 323, 332 (Tex. App.--Fort Worth 1999, pet. ref'd), cert denied, 531 U.S. 873 (2000);
Marcum v. State, 983 S.W.2d 762, 768 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd).

 During the sentencing phase, appellant objected to any inpatient treatment program
because, "[g]iven the fact that [appellant] has a prescription for THC, [it] seems . . . rather
impossible to be given THC and be on a drug treatment plan to get one off THC." The trial court
acknowledged that it was a "knotty problem." In fashioning "its own program," the trial court
ordered appellant committed to the substance abuse program and further ordered "that he be allowed
to take his duly-prescribed medications, whether it includes Marinol, or whatever it might be." From
the record, it is clear that the trial court considered appellant's medical diagnosis and fashioned its
order to account for appellant's prescription of marinol. The only order objectionable to appellant
was that he "cease and desist from the use of marijuana by smoking." Under these circumstances,
we cannot say the trial court abused its discretion in sentencing appellant to the substance abuse
program.

 In his fifth point of error, appellant contends that, because he was entitled to
mandatory probation under the statute by which he was indicted, the trial judge's order incarcerating
him for seven days prior to beginning the substance abuse program was erroneous. Appellant's
argument is without merit. Appellant's actual sentence of one year confinement was probated for
two years. The requirement that he spend seven days in jail as a detoxification period was a
condition of probation and of the substance abuse program, not of the one year imprisonment. See
37 Tex. Admin. Code § 159.1 (2001). We hold that the trial court did not abuse its discretion in
setting appellant's probation conditions. We overrule points of error four and five.

 Finally, in his sixth point of error, appellant contends that the judgment incorrectly
reflected an affirmative deadly weapon finding. The judgment reflects an affirmative deadly weapon
finding but the record shows no support for such a finding. At oral argument, the State conceded
error on this point. Therefore, we modify the judgment to reflect a negative deadly weapon finding
and sustain appellant's sixth point of error.


CONCLUSION

 We sustain the State's counterpoint of error and appellant's sixth point of error and
modify the judgment to remove the deadly weapon finding. Appellant's points of error one through
five are overruled. The conviction is modified and, as modified, affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Modified and, as Modified, Affirmed

Filed: February 22, 2002

Publish

1. Dr. Hochman did not begin treating appellant until after the State indicted appellant for
marihuana possession on October 9, 1997.
2. Dr. Hochman was the first person to diagnose appellant as suffering from post-traumatic
stress disorder. The record indicates that appellant developed post-traumatic stress disorder after he
authorized the termination of life support for his wife who was severely injured in a motorcycle
accident.
3. According to appellant,


[t]he State was required to disprove beyond a reasonable doubt two prongs of the
necessity justification:


(1) that Stefanoff reasonably believed his conduct was immediately necessary to avoid
imminent harm; and


(2) that the desirability and urgency of avoiding the harm clearly outweigh, according
to ordinary standards of reasonableness, the harm sought to be prevented by the
marijuana laws.


This argument is without merit because it (i) erroneously creates a conjunctive burden on the State
to disprove each element of the necessity defense and (ii) incorrectly presumes that appellant met
his initial burden of putting forth some evidence to support his defense.
4. In its entirety, article I, section 8 reads:


Every person shall be at liberty to speak, write or publish his opinions on any subject,
being responsible for the abuse of that privilege; and no law shall ever be passed
curtailing the liberty of speech or of the press. In prosecutions for the publication of
papers, investigating the conduct of officers, or men in public capacity, or when the
matter published is proper for public information, the truth thereof may be given in
evidence. And in all indictments for libels, the jury shall have the right to determine
the law and the facts, under the direction of the court, as in other cases.


Tex. Const. art. I, § 8.
5. Appellant argues in his brief that "[a] Rule 403 analysis of the objectionable evidence in the
case at bar favors the defendant." However, because appellant cites no place in the record where he
objected to the evidence relying on rule 403, and we could find no such objection, he failed to
preserve this asserted error for appeal. See Tex. R. App. P. 33.1(a).