**Affirmed as Modified and Memorandum Opinion filed December 5, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00959-CR

---

**JULIO C. CANAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1286982**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Julio C. Canas of aggravated robbery with a deadly weapon, and the jury assessed punishment at confinement for five years in prison. In two issues appellant challenges his conviction on the grounds that (1) the trial court committed egregious error in omitting the full terms and conditions of community supervision from his jury charge at the punishment phase, and (2) the court costs assessed in the judgment are not supported by sufficient evidence. We sustain appellant's second issue. Finding no reversible error in his remaining issue,

we modify the trial court's judgment to delete the specific amount of court costs and affirm the judgment as modified.

## BACKGROUND

Ofelia Gallegos and appellant worked at the Monterey Game Room, an establishment that houses illegal gambling machines. Gallegos made change and kept the books for the game room; appellant was the security guard. The door to the game room remained locked and appellant did not allow anyone into the game room unless he or Gallegos knew them.

On November 15, 2010, Gallegos was in the back office closing the books for the night when she heard a gunshot. She opened the door to the office and saw a man wearing a hooded sweatshirt and a face mask. He pointed the gun at her head and asked her where the money was located. Despite his question about the money, Gallegos testified that the man appeared to know that the money was located in a black cash box in the back office. After Gallegos gave the man the money that was in the cash box, he ran away with his partner. Gallegos followed the men to the front door and tried to open it, but appellant told her not to follow them. Appellant was arrested two weeks later and admitted participating in the robbery by unlocking the door for the men who robbed the store. The jury found appellant guilty of aggravated robbery.

At the punishment phase, Gallegos testified that she worked only two weeks longer at the game room after the robbery because she feared another armed robbery. Appellant's children testified that appellant was a positive influence in their lives, and that they would like their father to receive a probated sentence. Appellant's wife testified that he was a good father and should not go to jail. The community supervision officer for the 178th District Court testified about the possible conditions that could be placed on a person if her were to receive a

2

probated sentence. Those conditions included residential treatment programs described as "lock-down" facilities, which would mean that the individual is "in custody." The community supervision officer also testified that an ankle monitor could be used to ensure that an individual adheres to a court-ordered curfew.

While the jury was deliberating on punishment, it sent out a note with the following question:

> Do we have the option of probating a portion of our assigned sentence instead of all or none of it?
>
> Example:    5 year sentence
>
> 4 years probated
>
> He would serve 1 year and we would recommend he be probated for the remaining 4 (This is only an example!)

The trial court responded with the following answer:

> If your sentence includes a recommendation of probation, you do not have the option of probating a portion of your "assigned sentence."

The jury assessed punishment at five years' confinement in prison.

## ANALYSIS

## I. Jury Charge

Appellant argues in his first issue that he was egregiously harmed by the omission of the full terms and conditions of community supervision from his jury charge as evidenced by the jury's note indicating a desire to probate a portion of his sentence.

The jury charge included the following instruction:

> If community supervision is recommended by the Jury, the Court may impose the following conditions, among others, with respect thereto:

3

CONDITIONS

(1) Commit no offense against the laws of this or any other State or of the United States;

(2) Avoid injurious or vicious habits;

(3) Avoid persons or places of disreputable or harmful character;

(4) Report to the supervision officer as directed by the judge or supervision officer and obey all rules and regulations of the community supervision and corrections department;

(5) Permit the supervision officer to visit him at his home, employment, or elsewhere;

(6) Work faithfully at suitable employment as far as possible;

(7) Remain within a specified place;

(8) Pay the fine, if one is assessed, and court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the judge shall determine;

(9) Support his dependents.

Appellant did not object to this instruction, nor did he request additional instructions. On appeal, appellant argues the trial court erred in failing to include the possibility that the trial court could order a period of confinement as a condition of community supervision.

We review claims of charge error under a two-pronged test. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *Rolle v. State*, 367 S.W.3d 746, 757 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). We first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Rolle*, 367 S.W.3d at 757. If error exists, we then evaluate the harm caused by that error. *Ngo*, 175 S.W.3d at 743; *Rolle*, 367 S.W.3d at 757. The degree of harm required for reversal depends on whether error was preserved in the trial court. When error is preserved in the trial court by timely objection, the record must show only "some harm." *Rolle*, 367 S.W.3d at 757. If error was not objected

4

to, then it must be "fundamental error" and requires reversal only if it was so egregious and created such harm that the defendant has not had a fair and impartial trial. *Id.*

An egregious harm determination must be based on a finding of actual rather than theoretical harm. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). A reviewing court considers charge error in the context of (1) the entire charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Id.*

Citing *Yarbrough v. State*, 742 S.W.2d 62, 64 (Tex. App.—Dallas 1987), *pet. dism'd as improvidently granted*, 779 S.W.2d 844 (Tex. Crim. App. 1989), appellant recognizes that "courts have continuously held that no error arises from the omission of all possible conditions of community supervision from the court's charge." The trial court provided the jury the option of recommending community supervision, and appellant acknowledges that the trial court was not required to enumerate the possible terms and conditions of community supervision in its punishment charge. Appellant asserts, however, that the jury here was not well-informed as to the possible conditions of community supervision he may have faced. Appellant contends that the jury's note illustrates the egregious harm he suffered as a result of the omission in the jury charge.

The trial court may, as a condition of community supervision, order that the defendant "remain under custodial supervision in a community corrections facility[.]" Tex. Code Crim. Proc. art. 42.12 § 11(a)(12). The trial court is not required to list in the jury charge the specific statutory terms and conditions of community supervision that might be imposed. *See Sanchez v. State*, 243 S.W.3d 57, 69–70 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Yarbrough*, 742

5

S.W.2d at 64. Consistent with the law, in answer to the jury's note, the court instructed that the jury does not have an option to probate a portion of its "assigned sentence." *See* Tex. Code Crim. Proc. art. 42.12, § 11(a) (trial court sets conditions of community supervision if the jury recommends community supervision); *Dellinger v. State*, 872 S.W.2d 49, 51 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding that a jury recommending community supervision has no voice in the decision concerning confinement).

The failure to enumerate all of the terms and conditions is not considered harmful to the accused or restrictive of the court's authority. *Sanchez*, 243 S.W.3d at 69–70. Because the trial court is not required to enumerate all of the conditions of community supervision in the jury charge, appellant has not shown error. *See Croft v. State*, 148 S.W.3d 533, 539 (Tex. App.—Houston [14th Dist.] 2004, no pet.). We overrule appellant's first issue.

## II. Court Costs

In his second issue, appellant contends that there is insufficient evidence in the record to support the court's order that he pay a particular amount in court costs. In its judgment, the trial court ordered appellant to pay $309 in court costs. Appellant requested the district clerk to include the bill of costs in the appellate record. In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

As in *Johnson*, it is undisputed that the record contains no bill of costs or any other evidence that would support the specific amount, $309, assessed in the judgment. *See id.* The clerk's record contains a printout of a computer screen from the Harris County Justice Information Management System (JIMS), entitled

6

"J.I.M.S. Cost Bill Assessment," identifying $309 in court costs. The printout is signed by an unidentified deputy district clerk, and dated December 3, 2012, almost two months after the court signed the judgment. This court has determined that a computer screen printout from JIMS that does not appear to have been brought to the attention of the trial court judge before he signed the judgment, is not an actual bill of costs as contemplated by article 103.001. *See Jelks v. State*, 397 S.W.3d 759, 760 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (concluding that a computer screen printout from JIMS signed by an unidentified individual, when printout was not presented to the trial judge, could not be considered an appropriate bill of costs); *Johnson*, 389 S.W.3d at 517 n.1.; Tex. Crim. Proc. Code art. 103.001. No other evidence in the record supports the specific dollar amount assigned as court costs. *See Johnson*, 389 S.W.3d at 517 n.1.

The State argues that there are numerous provisions in the Texas Code of Criminal Procedure authorizing various court costs to be paid by a defendant when convicted of a felony offense. The State suggests several specific articles of the Code of Criminal Procedure and three sections of the Local Government Code providing for fees that, if assessed against appellant, would add up to an amount of at least $309.[1] Therefore, the State maintains, the evidence is sufficient to support the $309 in court costs reflected in the judgment.

We have previously rejected this argument. In *Rogers v. State*, 402 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2013, pet. filed), we held that to affirm the judgment for costs merely because a number of statutes authorize certain costs or fees that could have been assessed against the defendant—without regard to

---

[1] *See* Tex. Code Crim. Proc. arts. 102.0045, 102.005, 102.011, 102.0169, 102.017 and Tex. Loc. Gov't Code §§ 133.102, 133.105, 133.107.

whether they were actually assessed—would be speculative.

The trial court did not err in ordering appellant to pay court costs, as such costs are mandated by law, but the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's second issue and modify the trial court's judgment to delete the specific dollar amount of costs assessed. *See id.*; *see also Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that sufficient evidence must support an assessment of costs in a judgment).

We modify the trial court's judgment to delete the listing of a specific amount of court costs and affirm the judgment as modified.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Christopher, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).